PIERRE CHOTEAU, ET. AL. Appellants, *vs.* HENRY M. RICE, ET. AL. Respondents.

An Appearance, in a Court having jurisdiction of the subject-matter and the parties in controversy, is a waiver of any irregularity in the service of the original process by which the parties are brought into Court.

The Territorial Courts, although not organized under the Constitution, are, nevertheless, in a qualified sense, United States Courts, because they are created by authority of the United States; and it is not Error to describe them as "United States District Courts."

APPEAL FROM AN ORDER DISMISSING FOR WANT OF JURISDICTION.

This was an action for an accounting between Co-partners, commenced on the 9th day of October, 1849. The action was entitled: "In the United States District Court, sitting in Chancery in and for the County of St. Croix and Territory of Minnesota." The bill was addressed to the "Hon. Aaron Goodrich, Judge of the First Judicial District of the Territory of Minnesota, sitting in Chancery in the United States District Court in and for the County of St. Croix and Territory aforesaid"; and the subpœna was served upon the Defendants by the United States Marshal of the Territory.

Henry M. Rice, one of the Defendants, appeared and pleaded to the bill, to which plea the complainants filed a replication.

After the cause was then placed in issue, the Defendant, Rice, moved to dismiss it, on the ground that the cause of action did not arise under the Constitution and Laws of the United States, and was not therefore brought in a Court having jurisdiction. The motion was allowed and the action dismissed.

The cause came into this Court from an Appeal taken by the complainants, from the order made by the Court below dismissing the action.

AMES & NELSON, and WILKINSON, BABCOCK & BRISBIN, for Complainants.

RICE, HOLLINSHEAD & BECKER, for Respondents.

Argued by J. B. BRISBIN, on behalf of the Complainants.

Argued by EDMUND RICE, on behalf of the Respondents.

*By the Court*—WELCH, J. This case is brought before the Court by Appeal from an order of the District Court sitting in Chancery, dismissing the cause for want of jurisdiction.

The bill of complaint in the case is addressed to the "Judge of the First Judicial District of the Territory of Minnesota, sitting in Chancery in the United States District Court in and for the County of St. Croix and Territory aforesaid."

The motion to dismiss assigns as a reason for dismissal, that the case is not one arising under the Constitution and laws of the United States, and that none other is cognizable in said Court.

In the order of dismissal, the entitling of the case is: "District Court of the United States for the First Judicial District."

The subpoena in the case was served by the United States Marshal for the Territory, and, up to the time of dismissal, the case seems to have been treated as one arising under the Constitution and Laws of the United States; and the reason of its dismissal was, an Appeal from the order, that it was not such a case, and therefore that the Court had not jurisdiction of it.

This certainly is not a case arising under the Constitution and Laws of the United States, and the service of process by Marshal was inoperative as a legal notice; but the Defendant, Rice, by appearing, waived the service, and gave the Court jurisdiction of his person: and, as it had jurisdiction of the subject-matter, it became properly possessed of the case.

The District Courts of the Territory have been regarded by

13

some as Territorial or United States Courts, according to the nature of the cases pending before them for the time being. This, in my judgment, is a mistake. The Court is at all times the same Court, whatever may be the nature of the controversy pending, and is to be designated by the same name. The District Courts may entertain and exercise Chancery jurisdiction, but still they remain District Courts. The Organic Act merely authorizes the District Courts to exercise the same jurisdiction in all cases arising under the Constitution and Laws of the United States as is vested in the Circuit and District Courts of the United States ; but I cannot conceive why the name of the Court should be changed because it happens to exercise the particular jurisdiction thus conferred.

The name of a Court is fixed by the law establishing it, and must be known and designated by such name at all times, without regard to the particular matters over which it may happen to be exercising jurisdiction.

The only question, then which arises is, Was the cause properly entitled? To determine this question, it is necessary to enquire whether the Courts of the Territory are United States Courts.

The District Courts of the Territory are not District Courts of the United States, according to the usual acceptation, as the distinction between Federal and State jurisdiction under the Constitution has no foundation in these Territorial Governments, and consequently there is no distinction in respect to the jurisdiction of these Territorial Courts on the matters submitted to their cognizance.

They are not organized under the Constitution, but are creations exclusively of the Legislative department, and subject to its control.

Indeed, it must be a solecism to speak of a Territorial Court as a United States Court, except in a qualified sense. The inhabitants of the Territories are not legally citizens of the United States, and the citizens of the Territories are not entitled to bring suit in the United States Courts under the general Constitutional provision, in Article 3, Section 2, of the Constitution.

Still, the Territorial Courts, in a qualified sense, may be de-

signated as United States Courts, and when the meaning of the term is properly understood no confusion or misunderstanding can arise from its use.  They are United States Courts because they are created by authority of the United States, and for no other reasons.

In my opinion, the most proper designation of these Courts is, simply District Courts of the Territory of Minnesota, for the proper district, &c. but I do not consider it a fatal error for a party to give a more full description of the Court if that description is correct.  A Court undoubtedly must be designated by its proper name, and when a particular name is given that name must be used.

The Organic Act declares that the judicial power of the Territory shall be vested in a Supreme Court, District Court, &c. but it does not prescribe a specific name and style, except the general one of District Court, by which these Courts shall be designated, to the exclusion of any additional description.

The Courts held by the Justices of the Supreme Court in the Districts, must unquestionably be designated as District Courts; but the additional description of United States District Courts, such description being in accordance with the fact, I cannot regard as erroneous.

Order reversed.