The order of the Court below, overruling the demurrer, is affirmed.

OLIVER DEAN, Appellant, *vs.* CHARLES LEONARD, Respondent.

APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

The complaint in this action alleges " that the Defendant, on or about the 29th day of October, A. D. 1859, and from that time until on or about the 10th day of April, A.D. 1861, leased, hired and rented of and from the Plaintiff, and actually was in the possession and occupancy of, and occupied as his family residence during that time, as the tenant of the said Plaintiff, and was during all that time the tenant of the said Plaintiff, in and occupying that certain brick two-story dwelling house," &c.   " That the premises were worth and of the value of the sum and agreed price of twenty-five dollars per month for each and every month.   *   *   In consideration whereof the Defendant became liable, and promised said Plaintiff to pay said sum therefor," &c.   The Defendant, in his answer, "denies each and every allegation of the complaint." *Held*, Though the Plaintiff declared on a lease, he also stated a cause of action for a merely permissive use and occupation.

The Defendant, not having objected to this mode of pleading, the Plaintiff was entitled to recover if he proved a tenancy under a lease, or by permission of the Plaintiff.

A mere negation of an allegation of value is not such a denial as the rules of pleading require.

Dean v. Leonard.

Points and authorities of Appellant.

I.—The complaint in this action states facts sufficient to constitute a cause of action for use and occupation; and duplicity, or irrelevant and redundant matter, or a radical variance, cannot afford any ground for dismissing the action. But any attempt to limit the evidence to particular statements of facts, can only be made by motion to correct the pleading under *see* 80 *of chap.* 60, *p.* 542 *Compiled Statutes,* which must be noticed before answering, and within twenty days of service. *Rule* 12, *District Court Rules; Walsh vs. Kattenburg,* 8 *Minn.,* 127; *Short vs. McRea,* 4 *Minn.,* 119.

II.—The answer admits the use and occupancy of the premises by the Defendant, and the value thereof during the time stated in the complaint, since a general denial of the value stated in the complaint is insufficient, being merely a negative pregnant, and bad in pleading. *Lynd vs. Pickett,* 7 *Minn.,* 194; 10 *Mass.,* 432; 25 *Barb.,* 243.

III.—All distinctions between forms of action are abolished in this State, and the pleader need only state the facts which constitute a cause of action. *Comp. Stats.,* 532; *Taylor's Landlord and Tenant,* 641, 2, *and cases cited; Ib.,* 650, 655; 6*th Adolphus & Ellis,* 829, *and note;* 13 *Johns.,* 239; 5 *Pick.,* 124; 14 *Mass.,* 93, 96; 5 *Pick.,* 124.

Points and authorities of Counsel for Respondent.

I.—The action was to recover rents due upon a lease. There was no evidence whatever of the existence of any lease. The motion to dismiss, was, therefore, properly granted.

II.—The allowance of amendments is a matter of discretion, and not reviewable by appellate courts, except in case of abuse of discretion.

III.—The amendments asked changed entirely the cause of action, and were, therefore, properly denied.

The *original* cause of action was the recovery of rents due and unpaid, on a lease.

The *proposed* cause of action was the recovery of *quantum valebant* for use and occupation.

MORRIS LAMPREY, Counsel for Appellant.

LORENZO ALLIS, Counsel for Respondent.

*By the Court*—WILSON, J.—The complaint in this action charges that "the Defendant, on or about the 29th day of October, A. D. 1859, and from that time until on or about the 10th day of April, A. D. 1861, leased, hired and rented of and from the Plaintiff, and actually was in the possession and occupancy of and occupied, as his family residence during that time, as the tenant of the said Plaintiff, and was, during all that time the tenant of the said Plaintiff in, and occupying that certain brick two-story dwelling house," &c.

"That said premises were worth, and of the value of the sum and agreed price of twenty-five dollars per month for each and every month. In consideration whereof the Defendant became liable, and promised said Plaintiff to pay said sum therefor," &c.

The Defendant, in his answer, "denies each and every allegation in the complaint."

When the Plaintiff closed his evidence and rested his case, the Defendant "moved to dismiss the action on the ground that the evidence did not sustain the complaint." The motion was allowed, and Plaintiff excepted.

It is not pretended that a written lease was proven, and no evidence was given to show how much the use of the premises was worth for the time they were occupied by the Defendant, and on account of the want of evidence on these two points, said motion was made and allowed.

The Defendant insists that this is an action upon a lease, and, therefore, that proof of a lease is a pre-requisite to a recovery.

This position we think untenable. It is true that the Plaintiff declares on a lease; but we think he also sufficiently stated a

Dean v. Leonard.

cause of action for use and occupation, irrespective of any lease.

The pleader who drew the complaint seems to have been in doubt. whether the evidence would show a holding under a written lease, or, simply, by permission of the Plaintiff, and to have shaped the allegations so that the evidence might correspond with them in either view of the case.

The Defendant not having objected to this mode of pleading, the Plaintiff was entitled to recover if he proved a tenancy either under a lease or by permission.

We do not wish here to intimate that such *double* statement of the same cause of action is correct pleading.

Had the Defendant wished to object, his remedy was by motion to strike out, &c.   *Compiled Stat.*, 542, *sec.* 80 ; *Rule* 12, *Dist. Court Rules*; *Benedict vs. Seymour*, 298, (6 *How. Prac.*)

It is further necessary to inquire whether it was incumbent on the Plaintiff to prove the value of the use of said premises for the time they were occupied by Defendant.

Our statute provides that the answer shall contain a denial of *each* allegation controverted, &c.

The meaning of this language can hardly be misapprehended. *Each* allegation means every allegation *separately considered.*

When the denial of the answer is applied to this allegation *separately* considered, it is clearly insufficient.   A mere negation of an allegation of value is not such a "denial" as the rules of pleading require. *Lynd vs. Picket et al.* 7 *Minn.*, 194; 1 *Chitty's Pl.*, 613, and cases cited.

This denial being insufficient, the value alleged was admitted.

We think that the Court below erred in granting said motion, and the judgment must, therefore, be reversed.