Starbuck v. Dunklee.

---

GEORGE C. STARBUCK vs. JOHN A. DUNKLEE.

An appeal lies from an order striking out portions of an answer.

Where a contract for the peformance of certain services at an agreed price is admitted to be in full force, an allegation in an answer that services performed by the defendant under the contract were of a specified value is immaterial and irrelevant.

When the answer admits the receiving of a large quantity of wood for transportation, the defendant is not permitted to deny any knowledge whether the quantity was as alleged in the complaint *or otherwise* unless he shows some excuse for his want of knowledge upon the subject.

A denial of all the allegations of a complaint *except what the Court may construe to be admitted* in the foregoing part of the answer, is bad.

The complaint in this action alleges the making of a contract on the 5th of December, 1863, between the plaintiff and defendant, by which the defendant, in consideration of $625 theretofore paid to him by plaintiff, agreed to transport and convey 350 cords of wood then owned by plaintiff—about 150 cords from Chaska, and

200 cords from Carver, in the State of Minnesota, and to deliver the same to plaintiff at St. Paul, on or before the 1st July, 1864, without any other charge, cost or expense to the plaintiff for freight or wharfage. That the defendant in April, May and June, 1864, actually took into his possession 348 cords of said wood, the property of plaintiff, to be so carried and transported to St. Paul pursuant to said contract, but has only delivered 291¼ cords to the plaintiff, and has converted the balance—57¾ cords, which was then and there worth $5.50 per cord, to his own use, amounting to the sum of $317.62. Demand of judgment for $317.62, and interest from July 1, 1864.

The defendant in his answer admits the making of the contract as alleged, and states that said 5th day of December was Sunday. Defendant admits that in April, May and June, 1864, he took into his possession at Carver and Chaska a large quantity of wood, and all the wood then and there had or owned by plaintiff, but that he has no knowledge, nor has he sufficient information to enable him to form a belief, whether the quantity of wood was as stated in the complaint or otherwise, and transported and delivered the whole thereof to plaintiff at St. Paul, who duly accepted and received the same; and alleges that the work, labor and services rendered in so transporting such wood was worth the sum of $625. Defendant denies each and every allegation in said complaint contained, except so far as the Court may construe the statements in his answer as admissions.

A motion was made at a special term of the District Court in Ramsey County, in December, 1864, to strike out the allegations of the answer in respect to the value of the services rendered in transporting the wood; and the denial upon information, &c., as to the quantity of the wood; and the denial of the allegations of the complaint except so far as the Court may construe the statements of the answer as admissions; and also to have the answer made more definite and certain. The motion was granted, with leave to amend, &c., and from the order granting such motion, defendant appeals to this Court.

L. M. BROWN for Appellant.

I.—The plaintiff sets forth a contract. The defendant admits the making of the contract, but states that it was made on Sunday, thus entirely annulling its force and effect as a contract, the defendant neither acknowledges any liability nor claims any benefit under that contract, nor is the plaintiff entitled to the one or subject to the other. *Finney vs. Callender*, 8 *Minn.*, 41; *Brimhall vs. Van Campen*, 8 *Minn.*, 13.

II.—The Court erred in supposing that the defendant claimed that he had earned the whole "contract price." He only claims that he has transported a large quantity of cord-wood, and that it was worth the amount that the plaintiff alleges that he has paid to him. The defendant repudiates the obligations of the contract *in toto;* he makes no allegations in his answer that he has " fulfilled the contract."

III.—The defendant has couched his denials of the quantity of wood transported in the form prescribed and allowed by the statute. The Court has no right to compel the Defendant to commit perjury by stating that positively as a fact, when he swears that he does not know whether the allegation be true or false. Of what possible benefit could it be to the plaintiff for the defendant to admit that the quantity of wood was $291\frac{1}{4}$ cords ? Such an admission, even if the defendant knew it to be true, would not aid the plaintiff in proving his case. The Court indulges in a violent supposition or presumption when it assumes that the defendant, in a portion of three months, loaded upon his barge, "with his own hands," 291 cords of wood, and transported and delivered the same from Carver to St. Paul. There is nothing in the papers from which an inference can be drawn that the defendant ever saw a stick of the wood, or that he ever knew or heard of its being measured by any person. Men often perform by the hands of agents and servants, and the business of transporting large quantities of cord-wood on the Minnesota River is not an exception. *Qui facit per alium, facit per se.* There can be no

Starbuck v. Dunklee.

presumption that the defendant had the least personal knowledge in the premises.

IV.—The Court below says that "the defendant cannot call upon the Court to stand sponsor for his conscience." In this respect the defendant acquiesces, but respectfully suggests that he should desire it to be otherwise, if he is to be compelled to swear positively to the existence of facts of which he personally has no knowledge or sufficient information to form a belief in order to entitle him to his day in court.

The defendant by his answer in substance says to the Court, "Here are the facts—all the facts with which I am in any manner conversant. If I am, by your construction of my statements, liable to the plaintiff, then so adjudge it to be. If otherwise, then dismiss me without day." It is therefore respectfully suggested that the defendant has a right to submit his facts to the Court, and then to call upon the Court for a "subsequent judicial construction of the legal effect of those facts."

V.—The Court below, after denying the right of the defendant to call upon it for a construction of the answer, proceed to construe that clause of the answer which denies knowledge or information as to whether the quantity of cord-wood at Chaska and Carver was the amount stated in the complaint, or otherwise, and applies this denial to the quantity of wood which the plaintiff says in his complaint was delivered to him under the contract at St. Paul. This construction is palpably wrong; the denial refers to the allegation of the plaintiff that he had 350 cords at Carver and Chaska. In this instance the Court "comes without calling," and then applies an erroneous "judicial construction." *Morton et al. vs. Jackson*, 2 *Minn., R.*, 219.

Morris Lamprey for Respondent.

I.—It is wholly immaterial in this case what the labor of the appellant in transporting the cord-wood was worth. This action is not brought to recover a *quantum meruit* for services; but to recover the value of 57¾ cords of wood of the plaintiff, converted

to his own use by the defendant in April, May and June, 1864, and the complaint sets forth all the facts. *Comp. Stats., page* 541, *Sec.* 70; *Id.*, 542, *Sec.* 76; 1 *Code R.*, 84; 2 *Code R.*, 18.

II.—The answer admits expressly the taking of the cord-wood by the defendant below; and he is presumed to know, and cannot deny any knowledge of, the quantity taken by him. A party cannot deny knowledge or information as to his own acts, and acts done by an agent are equally within the rule, and the principal is presumed to know of them. 11 *How. R.*, 163; 1 *Abbott's P. R.*, 187, 254; 10 *How. R.*, 19; 2 *Ed. Smith*, 48; *Id.*, 50; 1 *Code U. S.*, 204; 8 *How.*, 28; 12 *How.*, 153; 4 *Sand.*, 708; *Van Sand. Plead.*, 440, 443.

III.—The defendant below "cannot be allowed to deny all '*material*' allegations in the complaint," or all such allegations as shall not be held by the Court to be admitted in some future and imaginary construction of his answer. This is worse than the denial of a conclusion of law; since it attempts to deny a conclusion, not yet, and which may never be arrived at, or had. Hypothetical denials are always bad in pleading.. *Van Sand. Plead.*, 529; 9 *How. R.*, 543.

*By the Court*—BERRY, J.—This is an appeal from an order striking out certain portions of the defendant's answer. A preliminary motion was made to dismiss the appeal on the ground that it does not lie from an order of this character. The motion must be denied.

*Subdivision 3, section 1, page 133, Laws* 1861, gives a right of appeal "from an order involving the merits of the action or some parts thereof." The order striking out determines that certain portions of the defence set up are insufficient as stated. If what was stricken out constituted a meritorious defence and was necessary to be pleaded, then the effect of the order would be to deprive the defendant of the right to put it in evidence.

An order which may have this effect clearly goes to the merits of the action or some parts thereof. It is held in New York that all orders made in the progress of a cause involve the merits of

the action, except such as relate merely to matters resting in the discretion of the Court or to questions of practice. *Crager vs. Douglas*, 2 *Code R.*, 123; *St. John vs. West*, 4 *How. Pr.*, 331; *Tallman vs. Hinman*, 10. *Id.*, 90; *Burhans vs. Tibbitts*, 7 *Id.*, 78; *see also Trustees Penn Yan vs. Forbes*, 8 *Id.*, 285; *Whitney vs. Waterman*, 4 *Id.*, 314.

On the merits we think it obvious that the allegation as to the value of the services rendered was properly stricken out. The defendant claims to repudiate the contract on which this action is brought, on the ground that the 5th day of December, 1863, when it was executed, was Sunday. Taking judicial notice of the calendar we find it to have been Saturday. As the defendant makes no other objection to the validity of the contract, and as this is an action for damages arising from an alleged breach, it needs no argument to show that having admitted the contract to be in full force, and that contract containing an agreed price for certain specified services to be rendered by the defendant, it is entirely immaterial whether the services which he actually performed under the contract were worth more or less than that agreed price. As to the portion secondly stricken out, the defendant admits that he received a large quantity of cord-wood, property of the plaintiff, and delivered it at St. Paul pursuant to the contract; but he adds that he has no knowledge or information sufficient to form a belief whether the quantity of said wood was as stated in the complaint or otherwise.

This mode of denial is plainly objectionable.

As the learned Judge of the Court below observes, "the defendant is presumed to have some knowledge, &c., as to the quantity of wood actually transported by himself. It was a large quantity he alleges before, but he does not know in this part of his answer whether it was 290¼ or otherwise." If there was any special reasons why he did not know, he should have stated them or shown them in justification of his answer. *See Richardson vs. Wilton*, 4 *Sand. S. C. R.*, 709. The last denial is also clearly bad. If a defendant chooses to adopt this general form of denial, he must still be definite and positive; he must deny what he has not ad-

mitted. A denial of each and every allegation of the complaint, except what the Court may construe to be admitted in the foregoing part of his answer, is both indefinite and uncertain. A truthful denial implies that he knows precisely what he is denying. How can he know beforehand what construction will be put upon his pleading by the Court?

The order is affirmed and the action remanded.