## DWIGHT L. KINGSLEY,

*v.*

## MOSES B. GILMAN, *impl'd with others.*

An appeal lies from an order striking out a general denial in an answer.

A general denial, when it puts in issue the substance of the allegations to which it is addressed, is good.

Any language in an answer which clearly indicates the allegations to which it is addressed, and denies with certainty the substance of such allegations, is sufficient to put the same in issue.

A denial in the following words, viz : "First he denies each and every statement and averment, and every part of the same, in said amended complaint, save as hereinafter admitted or qualified," if there is no ambiguity in what is afterwards stated, admitted or qualified, is sufficient.

This is an appeal from an order of the District Court for Hennepin County, striking out a portion of the answer of the defendant Gilman. The case is fully stated in the opinien.

LAMPREYS for Appellant.

J. B. GILFILLAN for Respondent.

*By the Court*—McMILLAN, J. This is an appeal from an order of the District Court striking out a portion of the defendant's answer. The portion of the answer stricken out is as follows: "The said defendant denies each and every statement and averment, and every part of the same, in said amended complaint contained, as therein stated or otherwise, save as hereinafter stated, admitted or qualified." The grounds of the motion to strike out this portion of the answer were as follows: That "the same is so indefinite and uncertain, that the precise nature of the defence is not apparent, and that the same does not contain a denial of each, nor of any allegation in the complaint, nor of any knowledge or information thereof sufficient to form a belief."

The respondent interposes the objection, that this is not an order involving the merits of the action, or some part thereof, but merely a question of practice resting in the discretion of the court, and is not appealable.

This portion of the answer purports to be a denial of all the allegations in the complaint not expressly admitted. The remaining part of the answer admits but a few of the material allegations of the complaint; if the portion of the answer in the form of a general denial is good, it puts at issue all the remaining allegations of the complaint material to the plaintiff's right to recover, and not only compels the plaintiff to prove the issues on his part, but permits the defendant to disprove them; if it is stricken out, the defendant is deprived of his right to disprove the allegations, and they are taken as admitted against him; the order striking out, therefore, goes to the merits of the action, and is appealable. *Starbuck vs. Dunklee*, 10 *Minn.*, 173.

Upon the merits of the motion, we think it should not have been granted.

The statute provides that the answer shall contain:

1st. A denial of each allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief. *Gen. Stat., p.* 460, *sec.* 79. The statute prescribes no particular form of denial, nor does it make any distinction between general and specific denials. The sufficiency of a general denial, where it puts in issue the substance of the allegations to which it is addressed, cannot now be questioned; this form of denial has been in general use, by the profession, since the adoption of the code, and has been repeatedly recognized and sustained by this court. *Bond vs. Corbet*, 2 *Minn.*, 248; *Caldwell vs. Bruggerman*, 4 *Minn.*, 270; *Starbuck v. Dunklee*, 10 *Minn.*, 173; *Montour vs. Purdy*, 11 *Minn.*, 401.

The certainty required in pleading, is that the allegation must be so certain and explicit as to exclude ambiguity, and make the meaning of the averments clearly intelligible. *Gould's Pl., Ch.*, 4, *sec.* 24, *p.* 180.

Any language in an answer, therefore, which clearly indicates the allegations which the pleader intends to controvert, and denies with certainty the substance of such allegations, is sufficient.

If a complaint alleges a fact which is qualified by a particular intention, or by its connection with other facts alleged in the pleading, there is no reason why the simple fact may not be admitted, and the qualifying facts or circumstances be denied; nor do we see any reason why, in case of an allegation embracing a fact and a qualifying intention, a general denial of the allegation except as afterwards admitted, followed with an express admission of the simple fact, is not sufficient to put in issue the intention alleged, and is not sufficiently definite and certain. If the *legal* effect of express statements or admissions is to qualify or deny any of the allegations in the complaint, it is no objection to the answer that such effect is

not expressly stated in the answer.  The answer in this case purports to deny each and every allegation in the complaint, except as afterwards stated, admitted or qualified in the answer.  If there is no ambiguity in what is afterwards stated, admitted or qualified in the subsequent portion of the answer, the pleading is sufficiently certain.  The statements and admissions in the answer are express and unambiguous, and there can be no reasonable doubt as to what the pleader intended to state and admit.

We are therefore of opinion, that the answer is sufficiently definite and certain as to the portions of the complaint which the pleader intended to controvert.

The question then remains whether the denial in the answer is sufficient in form to put in issue the portions of the complaint which it purports to deny.  The language of a general denial, considered in reference to the allegation it purports to deny, may be such as to be a denial in form only, and not in substance : an instance of this kind is found in the case of *Dean vs. Leonard*, 9 *Minn.*, 190, or it may be uncertain as in *Starbuck vs. Dunklee*, 10 *Minn.*, 168.  But the case under consideration differs from these ; the defendant in this case "denies each and every statement and averment, and every part of the same, in said amended complaint as therein stated or otherwise" : this we think is a denial, in form and substance, of the allegations controverted ; it would be unreasonable to suppose that the pleader intended to deny a portion of a sentence, composing an allegation in the complaint, and the only reasonable construction, to give the language any effect, is, that he intended to deny every thing which in legal effect was embraced in the allegation.  The respondent also urges, that "the denial, when coupled with the words immediately preceding, is bad.  The defendant shows to this court and states *that* he denies," &c.  We itali-

cise the word "that" for our own convenience. Whether the principle embraced in this objection is true or not, we need not determine. The language of this answer is, "The separate answer of said defendant, * * * shows to this court and states : First, the said defendant denies," &c. The rule contended for by the respondent of course would not be applicable here.

The order granting the motion to strike out is reversed.

WILSON, CH. J.—*Dissenting.*—The defendant in this case makes certain specific admissions and denials, but leaves most of the material allegations of the complaint unanswered, except by the language stricken out as indefinite and uncertain. A mere denial does not make a material or certain issue on many of the averments which the defendants thus attempted to traverse. The plaintiff charges "That on the 12th of Sept. 1865, the said defendants Remembrance R. and Francis Gilman were jointly and severally indebted unto the said plaintiff, * * that on the said 12th day of Sept. 1865, they, the said Remembrance R. and Francis Gilman, by and through said Francis Gilman, and the plaintiff, had an accounting and settlement together of and concerning said indebtedness, whereupon there was found to be due and owing from said Remembrance R. and Francis Gilman, and each of them, to the said plaintiff, the following sums to-wit : On account of moneys loaned to them as aforesaid the sum of $691 ; for said horse, so sold and delivered as aforesaid, the sum of $125, and on account of work and labor and services, so rendered as aforesaid, the sum of $259. That thereupon and in consideration of said indebtedness, and to pay, cancel and discharge the same, and for the further consideration of the further sum of $125, thereafter to be paid by said plaintiff, they, the said Remembrance R. and Francis Gilman, did bargain and sell

unto the said plaintiff the southerly five acres of said tract of land above described, at and for the price of two hundred and forty dollars per acre."

We might add other allegations but these are sufficient for illustration. A mere formal traverse of any of these makes no material issue. For instance : a denial that the defendants were indebted to the plaintiff in the sum of $691 may be true, and yet they may be indebted to him $690 ; or a denial that on a given day they contracted with him, or were indebted to him, is consistent with the fact that they contracted with him, or became indebted to him on the next subsequent day, and the time being immaterial, the issue thus raised is immaterial. This form of negative expression, called in pleading a negative pregnant, implies an affirmative. The denial that the defendants did not owe $691, admits by implication that they owed a lesser sum but does not state how much : it is therefore indefinite, ambiguous and bad. ˙ *Lynd vs. Picket*, 7 *Minn.*, 194 ; 1 *Chitty's Pl.*, 613 ; *Dean vs. Leonard*, 9 *Minn.*, 195. Our statute has abolished the general issue, and requires a denial of *each* allegation of the complaint controverted. A denial that is insufficient when applied to a particular allegation, cannot be good merely because it in terms applies to every allegation of the pleading. A material and certain issue should be made on every allegation, separately considered, which the pleader wishes to controvert. The plaintiff might perhaps have disregarded the denial in this case, and treated the allegations of the complaint, on which a material issue could not thus be made, as admitted. But our statute provides, that when a pleading does not conform to the statute, or is so indefinite or uncertain that the precise nature of the charge or defense is not apparent, the court may strike it out on motion, or require it to be amended.

The course to be pursued in such cases is a matter of prac-

tice resting in the discretion of the Court below, not subject to review here. I do not wish to be understood as questioning the sufficiency of a general denial, as it is called, of each allegation of a pleading where a specific and separate denial would be sufficient. Such denials have long been sanctioned in practice, and are perhaps not inconsistent with the letter or spirit of the statute; but when a denial is ambiguous, and does not raise a material issue, it is insufficient whether directed to one, or to more than one, of the allegations of a pleading. The argument, that this construction would make the practice laborious, cannot prevail against the clear language and meaning of the statute.

But if we were at liberty to discuss the propriety of the rule, it would not be difficult to show that it should be as now established. The true object of pleading is to apprise the adverse party of the claim or defense, so that he may not be taken by surprise, or put to the trouble and expense of preparing to meet that which is not to be proven against him, or to establish that which could not truthfully be denied. A pleading, that fails to show the true and whole ground of action or defense, does not conform either to the requirement of justice, or the statute. It is much more convenient and inexpensive for a pleader to specifically affirm, or deny, than for a party to produce evidence to establish or disprove a particular matter or thing. I do not understand my brethren to hold, that if the portion of the answer stricken out was a mere denial it would be sufficient; but that the form of expression used, has an effect and meaning that a simple denial would not. In this view, as applied to this case, I am unable to concur. If the word "statement" or "averment" in the language stricken out, is used in the sense of a "single distinct proposition," as I think it is, then the words "and every part of the same" are meaningless and inoperative, for

a denial of a part of a distinct proposition, or of any assemblage of words not forming complete sense, cannot be admissible; and admitting that the language used was intended and operates as a denial of each and every averment, statement or proposition, it is not good, for a mere denial of some of the averments is not, as we have above attempted to show, sufficient. I am unable to see that the words "or otherwise" in the connection in which they are used, have any meaning whatever.