## GIRART HEWITT *vs*. A. VANCE BROWN.

### December 17, 1874.

**Parol modification of written contract before breach.**—It is competent for the parties to a written agreement, not within the Statute of Frauds, at any time before breach of it, by a new contract not in writing, in any manner to add to, or subtract from, or vary or qualify the terms of it, and thus make a new contract, which is to be proved partly by the written agreement, and partly by the subsequent verbal terms engrafted on what will then be left of the written contract.

**Complaint on both express and implied contract to recover for same services.**—A complaint so framed that it will admit proof of an implied contract to pay what services are reasonably worth, as well as an express promise to pay a particular sum therefor, is inartificial and objectionable, and may be corrected on motion in the court below; but if permitted to remain without correction, the defendant cannot avail himself of the defect in this court, upon an exception to the admission of testimony.

**Real Estate Agent held entitled to commission on effecting an exchange.**—The defendant, owner of certain real estate and personal property, placed the same in the hands of the plaintiff, an agent for the sale of such property, with the following agreement: "You are hereby requested, as my sole agent, to negotiate for the sale of, and if possible to sell for me, the following property for the price and terms herewith given you, or for such modification of them as I may hereafter accept, and for the commissions herewith agreed upon, which I agree to pay you if a sale or any disposition of the property is effected during your agency. * * * Price $9,000. * * * Commission five per cent. on sale." The property was disposed of by the plaintiff by exchanging it with a third party for other real estate. An estimate of the value of the property owned by each was made and agreed upon, the defendant assenting to the estimate and all the terms of the exchange. *Held*, 1. That the agreement for a commission of five per cent. embraced an exchange as well as a sale of the property. 2. That the defendant having assented to the terms of the written agreement to exchange, including the estimates as to the value of the property, the agreement was competent evidence of the sale and the consideration thereof, upon which the plaintiff was entitled to the commission of five per cent. specified in the agreement.

Appeal by defendant from an order of the court of common pleas for Ramsey county, *Hall*, J., presiding, refusing a new trial.

*John Y. Page* and *John B. & W. H. Sanborn*, for appellant.

*Morris Lamprey*, for respondent.

McMILLAN, C. J. The complaint states that the plaintiff is, and has been, for ten years, engaged in the business of buying and selling property and real estate, and dealing therein for others on commission, etc. It also states substantially, although not in the order here set forth, that the defendant placed the lots particularly described in the complaint, and the furniture and property then in the dwelling-house situated thereon, all of which was the property of the defendant, in the care of the plaintiff, to be sold by him for the defendant; that the plaintiff, between July 15, 1872, and September 1, 1872, negotiated for the sale of said property, and effected and made a sale thereof for the defendant to one A. Ramsey Nininger, at and for the price and sum of sixteen thousand dollars; that this was at the special instance and request of the defendant; that the said sum of sixteen thousand dollars was the full price and value fixed upon and demanded for said premises and property by said defendant; that the defendant fully approved of said sale to Nininger, the purchaser, through the plaintiff as such agent: in consideration whereof, the defendant promised the said plaintiff to pay him the sum of five per cent. upon the amount of such sale, as aforesaid.

These facts certainly show an express contract between the parties. The written agreement offered in evidence by the plaintiff, the reception of which, against the defendant's objection, is the principal question in the case, does not embrace the furniture, and states a price at which, and terms upon which, the property was to be sold, different from those stated in the complaint, but in all other particulars sustains the allegations of the complaint. As to the price and terms of sale, the agreement by the defendant prescribes that the sale is to be for the price and terms stated therein, "or for such modification of them as I may hereafter accept," and the evidence upon the trial shows clearly that the price and

terms of the sale were approved by the defendant, and the evidence also shows that the furniture was embraced in the sale. After an agreement which is not within the Statute of Frauds has been reduced to writing, it is competent for the parties, at any time before breach of it, by a new contract not in writing, in any manner to add to, or subtract from, or vary or qualify the terms of it, and thus to make a new contract, which is to be proved partly by the written agreement, and partly by the subsequent verbal terms engrafted on what will then be left of the written contract. 1 Chitty, Cont. (11 Am. Ed.) 154–5. The agreement was therefore properly received in evidence.

The complaint, it is true, taken as a whole, contains averments which would admit proof of an implied contract to pay what the services were reasonably worth, as well as an express promise to pay the particular sum mentioned. This form of pleading is very inartificial, and is not to be approved; but the defendant had the opportunity, at the proper stage of the proceedings, to have it corrected; and having seen proper to permit the pleading to remain without correction, it is too late now to take advantage of it. *Dean v. Leonard*, 9 Minn. 190.

The plaintiff offered in evidence the record of agreement between the defendant Brown and Nininger, for the conveyance of the property. The agreement is signed by "A. Vance Brown, by Girart Hewitt, his agent," and "A. R. Nininger, by his attorney in fact, John Nininger." The defendant objected to all of it, except the part in which Nininger agrees to annul the mortgage mentioned in it, on the ground that the rest of it shows, not a sale of property, as alleged in the complaint, for a certain price and sum, but an exchange of real estate. The objections were overruled.

This objection clearly admits that the stipulation in the agreement by Nininger to pay the mortgage upon the defendant's property, as part of the price of the same, constituted a sale, within the meaning of the agreement between Brown and Hewitt. The admission itself is an answer to

the objection; for if that agreement was evidence of sale at any price, the plaintiff was entitled to his commission upon such price. But the agreement between Brown and Hewitt for a commission to the latter embraces an exchange as well as a sale of the property. The language is as follows: "for the commission herewith agreed upon, which I agree to pay to you, if a sale or any disposition of the property is effected during your agency." The written contract of sale contains the following stipulation: "The value of the property hereby sold by said Brown is estimated in this sale at sixteen thousand dollars, and the lots hereby sold by said Nininger are estimated at fourteen thousand four hundred, ($14,400,) and it is understood and agreed that the balance of the consideration is to be made up as follows." The agreement then provides for the assumption and payment, by Nininger, of the $1600 mortgage above mentioned. The evidence shows that Brown assented to the terms of the agreement, including the estimate put upon the property. Under these circumstances, the agreement was competent evidence of the sale and the consideration thereof, upon which the plaintiff was entitled to the commission of five per cent. specified in the agreement.

The defendant urges further that he is entitled to a new trial, on the ground of surprise against which ordinary prudence could not have guarded him. This is based upon the position that the defendant had no reasonable notice from the pleadings that the plaintiff would rely upon proof of an express contract. The view we have taken of the complaint, in the preceding portion of the opinion, renders a discussion of this point unnecessary; it must be overruled.

The order denying a new trial is affirmed.