(*) HERRIN *versus* LIBBEY &° *al.*

A contract, obtained through false and fraudulent representations, may be rescinded or affirmed at the election of the party defrauded.

Such party, in order to rescind the contract, must, in a reasonable time after discovering the fraud, make known his election to rescind and restore the other party to his former condition.

This principle applies to contracts *under seal*, as well as to other classes of contracts.

Thus a sealed lease of land, obtained by false and fraudulent representations, though at first rescindable by the lessee, is deemed to have been affirmed, if, after discovering the fraud, he continues to occupy the land, and makes no attempt, within a reasonable time, to rescind.

His only right, in such a case, is to recover the amount of damage occasioned to him by the fraud. This amount may be deducted from the rent in a suit by the lessor upon the lease.

A deposition, taken on notice to the adverse party's attorney of record, will not be rendered inadmissible by proof that the party, taking the deposition, had been informed, prior to such notice, that the attorney had retired from the action.

ON EXCEPTIONS from *Nisi Prius*, TENNEY, J., presiding. COVENANT BROKEN.

There was a negotiation for the letting of a farm by the plaintiff to the defendants. They selected two persons as arbitrators to decide upon the terms of the lease, and the arbitrators expressed their opinion on the subject.

The lease was made June 16, 1843, in which the defendants covenanted to pay a fixed sum for the rent and also to plough and seed ten acres of the land.

This suit was brought Jan'y 27, 1849, upon those covenants. Plea *non est factum.*

The jury in answer to specific inquiries returned, upon the evidence, that the "lease was obtained of the defendants by false and fraudulent representations," and, that "neither of the parties had waived the right to take advantage of such representations."

The Judge was requested to instruct the jury, that if they found the lease to have been obtained of the defendants by false and fraudulent representations, this action could not be maintained.

Herrin *v.* Libbey.

He declined to comply with this request, and instructed them, that " if they should find that the lease was obtained of the defendants by false and fraudulent representations, they might estimate the damage which the defendants had sustained by such false and fraudulent representations, and deduct that sum from such amount as they should find due; if any, to the plaintiff for the breach of the covenants in the lease, and return their verdict for the balance, if there should be any."

There was testimony tending to show, that the lease was supposed by the defendants to have been drawn in accordance with the determination of the arbitrators ; and the defendants offered to prove, that Timothy Herrin, the authorized agent of the plaintiff, represented to the arbitrators, that the amount of the rent was to be paid in tavern keeping, and that this representation induced them to fix the rent at a higher rate than they otherwise would have done.

The Judge rejected this evidence.

The defendants also offered to prove, that all that part of the lease, which relates to the ploughing and seeding down ten acres of the demised premises, was not any part of the award of said arbitrators, though supposed to be so by the defendants at the time of executing the lease. This evidence being objected to was rejected.

The defendants offered evidence to show what would be a fair rent for the demised premises, which was rejected.

The defendants objected to the admission of the deposition of Asher Martin, and offered to prove by parol, that legal notice was not given them of the taking of said deposition, but the Judge declined to receive the testimony. The caption of the deposition is referred to, but no copy of it is found in the case, nor does it appear what facts were certified by the magistrate.

The captions of several other of the plaintiff's depositions showed, that notice was served upon Hodgdon & Madigan, supposed attorneys of the plaintiff, and that they did not attend at the taking.

Herrin v. Libbey.

The defendants objected to the admission of these depositions upon the ground, that though Hodgdon & Madigan appeared of record to be the attorneys of the defendants, yet the plaintiff had been expressly notified, that they had in fact retired from the case a long time prior to the notice for the taking. The depositions were admitted, and the verdict was for plaintiff for $301,85.

To the foregoing rulings, instructions and refusals to instruct, the defendants excepted.

*B. Bradbury*, for the defendants.

The case presents for the consideration of the Court the question, what is the effect upon a contract under seal of a fraud by which the party defending against such contract has been induced to make it?

The Judge instructed the jury that the legal effect of fraud, in such a case, would not be to defeat the action; but that they might still regard the contract as valid and binding, and return a verdict for the plaintiff, the party guilty of the fraud, allowing, in offset against his claim, such damages as they might find the defendants had suffered in consequence of the fraud.

It was contended by the defendants' counsel, and the Judge was requested to rule, that the fraud made the lease void; leaving the plaintiff to such remedy as he might have against the defendants for the use and occupation of the demised premises; and we respectfully submit, that such was the only true legal view of the case, and that the Judge erred in the instructions given.

It is among the principles most properly regarded and classed in the very elements of the law, that fraud vitiates any thing into which it enters, and can give the party guilty of 'it no rights. This vitiating effect of fraud extends not only to simple contracts, and those which, authenticated by a seal, are regarded as entered into with more deliberation, but even to records and judgments.

In the case of *Jackson* v. *Somerville*, decided in the Supreme Court of Pennsylvania, at the May term, 1850, of

which an abstract may be found in 13 Law Reporter, 422, this doctrine is very fully asserted. " Fraud vitiates all contracts into which it enters, and cannot be affirmed by the party defrauded. Such contracts are essentially nonentities, and even legal proceedings and judgments, founded on them, are voidable." " All contracts, specialties and transactions tainted with fraud are void, though fraud does not appear on the face of them." " When a sale is fraudulently procured by the vendee, he may be sued by the vendor before the expiration of the credit agreed to be given." 2 Saund. Pl. & Ev. 527 ; Chitty on Contracts, 527 ; 2 Sup. U. S. Dig. p. 32, No. 72, *Chess* v. *Chess,* 1 Penn. 32 ; 2 Sup. U. S. Dig. No. 74, *Gilbert* v. *Hoffman,* 2 Watts, 66 ; 2 Sup. U. S. Dig. p. 34, No. 134, *Flagler* v. *Bliss,* 3 Rank. 345 ; 2 Sup. U. S. Dig. p. 37, No. 199, *Tourlin* v. *Den,* 4 Harr. 76 ; 2 Sup. U. S. Dig. p. 40, No. 277, *Armstrong* v. *Hall,* Coxe, 178 ; *Commonwealth* v. *Bullard,* 9 Mass. 270 ; 1 Greenl. on Ev. § 284. See also, 18 Pick. 95, 106, *Hazard* v. *Irvine,* where the effect of fraud upon a specialty is particularly discussed. *Browning* v. *Haskell,* 22 Pick. 310 ; *Holbrook* v. *Burt,* 22 Pick. 546. We have not yet been able to find the case in which, in an action upon such an instrument, the allegation of fraud, duress or any of the defences appropriate to the case, has been urged in *partial* defence. Of course we make no allusions now to that distinct class of cases, in which, in actions on certain bonds for instance, under special statute provisions, the plaintiff can recover only the actual damages sustained by breach of the condition.

The precise distinction upon which we rely for separating the present case, in the principle by which it is governed, from the case of notes of hand, is clearly exhibited in *Haycock* v. *Rand,* 5 Cush. 26. Fraud is most certainly a defence in an action on a sealed contract, but it goes to the whole merits of the case. The lease and bond cannot be good in part and bad in part, especially where fraud is involved. " Deeds procured by covin and fraud as between the parties, are as dead as forged deeds." *(Jackson* v. *Somerville,* before cited.)

These distinctions have been suggested, because it was upon the analogy of notes of hand, so far as we are advised, that the instruction to the jury was based. Perhaps, however, they are not necessary for us; for we contend, that the fraud, whether it formed the inducement to the defendants to make the contract, or was only mixed up with its details, wholly annuls the lease, and would have had that effect if the lease had not been under seal. *Irving* v. *Thomas,* 18 Maine, 418.

There can be no legal objection to the admission of the testimony, that it was parol; for the admissibility of parol evidence to defeat a written instrument on the ground of fraud, may be regarded as an axiom in law. *Prentiss* v. *Russ*, 16 Maine, 30; *Browning* v. *Haskell*, 22 Pick. 310; *Holbrook* v. *Burt,* 22 Pick. 546; *Hazard* v. *Irvine*, 18 Pick. 95.

Evidence was admissible to show the false and fraudulent representations made by the plaintiff's agent to the arbitrators, relative to the mode in which the rent should be paid, and to the ploughing and seeding of the ten acres. Both these representations were material.

But if the Judge was correct in his ruling, that the fraud would not avoid the lease, but only constituted a partial defence to the action, then there seems to be a stronger reason why the excluded evidence should have been admitted, as well also as that which was offered to show what would be a fair rent of the premises. For if the question for the jury was in effect, what deductions should be made for the damages sustained by the defendants in consequence of the fraud practiced upon them, then *all the* frauds which operated upon the contract, and a fair standard of rent, seem to be appropriate elements to enter into and help form the estimate; and it is upon this ground, as we contend, that the evidence should have been admitted.

The deposition of Asher Martin, offered by the plaintiff, was objected to, but admitted by the Judge. The caption certified, that the adverse party " was notified," but whether the notice were such as the statute requires, was matter of

inference, and presumption from the language quoted. The defendants offered to prove, that the notice did not conform to what was understood to be the statute requirement; but the Judge, holding that the presumption of legal notice was a conclusive one, and could not be controlled by the evidence, declined to receive the testimony.

The Revised Statutes, among the facts to be stated in the caption, prescribe, that it shall state "whether the adverse party was notified to attend." We should not deny, that under this provision, the statement that the party " was notified," furnishes a sufficient *prima facie* presumption of legal notice; but we do deny, that the presumption is a conclusive one. On the contrary, we still contend, as was maintained at the trial, that the point is open to inquiry.

True, a magistrate must be presumed to have discharged his duty intelligently and with fidelity, and there ought to be a solid foundation in fact for such a presumption. It cannot, however, be unknown to any one, of even a limited experience, that the presumption is sometimes only a presumption; it may arise from error or mistake on the part of the magistrate, or it may arise from deliberate fraud.

In this case it must be regarded as susceptible of proof, that the requisite notice was not given. The defendants were notified as the caption stated, but not legally notified; and the language of the certificate was consistent with either state of facts. It was not proposed to contradict the caption, although we are not quite sure, that the decided cases would not warrant even that. *Homer* v. *Brainerd*, 15 Maine, 54; *Minot* v. *Bridgewater*, 15 Mass. 492.

Certain of the plaintiffs' depositions were taken upon notice served on " Hodgdon & Madigan, supposed attorneys of the defendants." There was no appearance for the defendants at the taking of the depositions. The exceptions find that Hodgdon & Madigan had been attorneys for the defendants, and that their names were then upon the docket, as attorneys in the case, although in fact they had retired from it, and the plaintiff had been expressly notified of the fact, long before

the issuing of the notice for the taking of those depositions. The depositions were objected to by the defendants at the trial, but admitted by the Judge.

The statute regulating this subject, R. S., c. 133, after providing in § 6, that the notice may be served upon the attorney as well as upon his client, in § 7, makes this provision : "No person shall, for the purposes of this chapter, be considered the attorney of another, unless he has indorsed the writ, or indorsed his name on the summons left with the defendant, or appeared for his principal in the cause, or given notice in writing, that he is the attorney of such adverse party."

It seems important to note the language of this section ; it is negative in its character. It may be said, that the implication is a necessary one, that the persons standing in the positions enumerated, shall be considered as attorneys. But does this necessarily and conclusively follow, except, with many restrictions and limitations ? If it does, what is the inevitable result ? Under such a construction, no party could ever discharge an attorney, so as not to be bound by a notice served on him. The statute never can have been designed to have such a construction, nor will the Court give it such, leading as it obviously would to the greatest inconvenience and injustice.

It may, perhaps, be said that the defendants' view will lead to embarrassments in the trial of causes, by surrounding them with collateral issues ; and this is possibly the strongest argument that can be urged against them.

But collateral issues, to be determined by the Court, are always arising in the progress of trials. Such, for instance, as the question of the interest of a witness, often found to be embarrassing to settle satisfactorily. This is one of the necessities of litigation. But what is more satisfactory is, that it is much more important that causes should be fairly tried, and verdicts rendered upon proper testimony, than that collateral issues should be excluded or made a few less in number.

*G. M. Chase*, for the plaintiff.

Herrin *v.* Libbey.

Rice, J. — The writ, pleadings, lease and its counterpart, which make part of this case, have not come into the hands of the Court. The defence is, that the lease was obtained by fraud and that the rent reserved was increased by the fraudulent practices of the plaintiff and his agent.

In answer to interrogatories, put to them in writing, the jury found, that the lease was obtained by false and fraudulent representations, and that neither party had waived their rights to take advantage of such representations.

The defendants' counsel requested the presiding Judge to instruct the jury that if they found the lease was obtained of the defendants by false and fraudulent representations, this action could not be maintained. This was refused.

The rights of a party who has been defrauded in making a contract, are, on the discovery of the fraud, within a reasonable time to rescind the contract, and restore the parties to their former condition, or to affirm the contract, and claim compensation in damages for the injury he has sustained by reason of the fraud.

In the absence of the papers referred to, it does not distinctly appear whether the defendants, by their acts, had lost their right to rescind the contract, though from the time that had elapsed from the date of the lease before the action was commenced, and from the course of remark by the plaintiff's counsel, in his argument, it may be inferred that such was the fact. There is no evidence of any attempt to rescind, or that the defendants did not have the use and occupation of the premises leased, until the expiration of the term, specified in the lease.

But the Judge did instruct the jury that if they should find that the lease was obtained of the defendants by false and fraudulent representations, they might estimate the damages which the defendants had sustained, by such false and fraudulent representations, and deduct that sum from such amount, as they should find due, if any, the plaintiff for the breach in the covenants in the lease, and return their verdict for the balance if there should be any.

Under the state of facts that existed, the requested instruction was properly withheld, and those given were correct.

The terms of the lease were by agreement of the parties to be determined by referees.

The defendants offered to prove, that Timothy Herrin the authorized agent of the plaintiff, represented to said arbitrators that the amount of the rent was to be paid in tavern keeping, and that this representation induced the arbitrators to fix the rent at a higher rate than they otherwise would have done.

Any concealed attempt by either party, by false affirmation or fraudulent concealment of material facts, to influence the judgment of the referees, by which to increase or diminish the amount of rent to be paid, would be such a fraud upon the other party as would entitle them, if thereby defrauded, to relief. It does not, however, appear that the representations of the plaintiff's agent were not true in point of fact, nor does it appear that they were not made in the presence, and with the knowledge of the defendants. The testimony was therefore properly excluded.

The defendants also offered to prove that all that part of the lease which relates to ploughing and seeding down ten acres of the demised premises, was not any part of the award of the referees, though supposed to be so at the time of the execution of the lease. This was properly rejected, as there is no evidence tending to show that they were misled in the matter by the plaintiff or his agent, or that they were not in possession of all the information as to the action of the referees which was in the possession of the plaintiff, or that they in any manner relied upon the plaintiff's representations. The means of information upon that point were equally open to both parties.

The evidence offered, as to what would be a fair rent of the premises, was also rightly rejected. The questions presented to the jury were, first, whether the contract had been obtained by fraud; and second, how much damage had the defendants suffered by reason of the fraud of plaintiff, if any

Plantation No. 9 v. Bean.

had been committed by him. On that point, appropriate instructions were given by the Judge.

The depositions were properly admitted. The notice was in conformity to the provisions of sections 6 and 7 of c. 133, R. S., and the requirements of 13th rule of this Court. 9 Greenl. 298. The records of the Court is made the evidence on which parties may rely to determine who are attorneys in a given case. Hodgdon & Madigan were the defendants' attorneys, as appeared by the record, and by the express terms of the rule referred to, notice to them while their names thus stood upon the record, was good and sufficient. *Exceptions overruled.*

*Judgment on the verdict.*

Shepley, C. J., and Howard and Hathaway, J. J., concurred.