## WESLEY *et al.* v. DIAMOND *et al.*

### No. 953.    Opinion Filed May 10, 1910.

#### (109 Pac. 524.)

1.  A!PPEAL AND ERROR—Appealable Orders.    Under section 6067,
    ·Comp. Laws Okla. 1909, an order that involves the merits of an
    action or some part thereof may be reversed, vacated, or modi-
    fied iby the Supreme Court before final judgment is rendered in
    the cause in the trial court.

2.  VENDOR AND PURCHASER—Contract — Fraud—Remedies of
    Vendor—Election.    Where a party has ibeen induced by fraud
    and deceit to part with title to real property and is seeking re-
    lief, he has a choice of remedies. He may affirm the contract,
    and sue for damages, or he may rescind; but he cannot do both.

3.  A!PPEAL AND ERROR—Reversal—Directing Proceedings Be-
    low—Election of Remedies.    Where a petition presenting two in-
    consistent theories is attacked by a motion to strike on which
    an order is entered striking matter relevant and material to
    each of the theories presented, the same will be reversed in ·this
    court, the cause remanded, and plaintiff required to elect upon
    which theory he will proceed.

(Syllabus by the Court.)

*Error from District Court, Hughes County; John Caruthers,*
*Judge.*

Action by Mary Ann Wesley and another against W. D. Dia-
mond and another.    There was an order sustaining a motion to
strike certain paragraphs from the petition, and plaintiffs bring
error.    Reversed and remanded, with instructions.

*H. S. Hurst* and *Lewis C. Lawson,* for plaintiffs in error.
*J. R. Witty,* for defendants in error.

DUNN. C. J.    This action was brought by Mary Ann Wesley,
and Roley Wesley, plaintiffs in error, as plaintiffs, against W. D.
Diamond and G. W. Swanson, defendants in error, as defendants,
by filing their petition in the district court of Hughes county on
December 28, 1908.    April 1, 1909, counsel of defendants filed a

motion to strike certain paragraphs from the petition which was by the court sustained as to paragraphs 3 and 5, and overruled as to the balance of the motion. Counsel for plaintiffs excepted to the order of the court made on the said motion and have brought the same to this court for review. To the petition in error and case-made presented, counsel for defendants have filed a motion to dismiss and for grounds assert that the order of the trial court in striking said paragraphs is not an order involving the merits of the action or any part thereof under which plaintiffs would be entitled to appeal to this court.

Section 6067, Comp. Laws Okla., 1909, which section is identical with section 535, art. 22, c. 66, par. 4733, Wilson's Rev. & Ann. St. Okla., 1903, provides in part:

"The Supreme Court may * * * reverse, vacate or modify any of the following orders of the district court or a judge thereof: * * * Third, an order that involves the merits of an action, or some part thereof."

Under this statute counsel for defendants contend that the order of the court sustaining the motion is not appealable nor subject to the consideration of this court prior to the final determination of the action in the court below, relying on the case of *Grunawalt v. Grunawalt*, 24 Okla. 756, 104 Pac. 905. Counsel for plaintiffs insist that the rule on this proposition as declared in that opinion goes too far, wherein it is held without qualification that, where a motion is made by the defendant to strike certain portions of plaintiff's petition is sustained, and no further action is taken by the court, the same is not a final or appealable order sufficient to vest jurisdiction in the Supreme Court to entertain an appeal from such action. While the conclusion to which the court came on the facts involved in that particular case was correct, further consideration of the rule there announced convinces us that the statement there made was too broad to be adopted as a general rule, and that the correct rule to be observed is that an appeal will lie to this court under the statute quoted prior to final judgment when-

ever the order which is made involves the merits of the action or any part thereof.

This same question was before the Supreme Court of Minnesota in the case of *Starbuck v. Dunklee,* 10 Minn. 168 (Gil. 136), 88 Am. Dec. 68; the court therein saying:

"This is an appeal from an order striking out certain portions of the defendants' answer. A preliminary motion was made to dismiss the appeal on the ground that it does not lie from an order of this character. The motion must be denied. Subdivision 3, § 1, p. 133, Laws 1861, gives a right of appeal 'from an order involving the merits of the action or some parts thereof.' The order striking out determines that certain portions of the defense set up are insufficient as stated. If what was stricken out constituted a meritorious defense and was necessary to be pleaded, then the effect of the order would be to deprive the defendant of the right to put it in evidence. An order which may have this effect clearly goes to the merits of the action or some parts thereof."

And the appeal was entertained, although the action of the lower court was sustained. A number of authorities from the courts of New York are cited in support of the foregoing holding, and in addition thereto we take note of the following cases construing this section and sustaining the conclusion to which we here come: *Kingsley v. Gilman et al.,* 12 Minn. 515 (Gil. 425); *Merrill et al. v. Merrill, Adm'r,* 92 N. C. 657; *American Surety Co. of New York v. Ashmore et al.,* 74 Kan. 325, 86 Pac. 453; *Seiffert & Wiese Lumber Co. v. Hartwell et al.,* 94 Iowa, 576, 63 N. W. 333, 58 Am. St. Rep. 413.

Coming now to the merits of the controversy, it is apparent that, in order to properly determine the question presented, it will be necessary to examine the allegations and averments of the entire pleadings, and for this purpose a statement of the material parts of the petition will be made  The plaintiffs are husband and wife, and allege in their petition that they are Creek citizens, and that on March 13, 1899, there was born to them a child which was duly enrolled as a Creek citizen; that thereafter there was allotted to the heirs of said child a certain tract of land, which is de-

scribed, the title of which is involved in this case. Plaintiffs allege that on the 2d day of October, 1906, being of the opinion that they each owned an undivided one-half interest in this land, Mary Ann Wesley sold and conveyed for a consideration of $600 her assumed one-half interest therein to the defendant Diamond, but aver that the deed executed and delivered was not signed or acknowledged privily and apart from her husband. Thereafter followed paragraph 3, which was by the court on motion stricken out, and which is as follows:

"That on or about the 5th day of September, 1907, said Roley Wesley sold to said Diamond his individual interest in said lands for $600. That in the sale of his said interest therein said Roley Wesley supposed that he had inherited from said deceased child an undivided interest in said lands, and said Diamond was of the same opinion as said Roley, and then and there so informed both of said plaintiffs. That in pursuance of said agreement with said Diamond, said Roley undertook to execute a deed to said Diamond for his undivided interest in said lands, and on said date did make said Diamond a deed, but the same now appears to be for all of said lands, when in fact it was intended to be for only an undivided one-half thereof. That said deed was admitted to record in said recorder's office in Book U, on page 644, a duly cetified copy of which is hereto attached as a part hereof, marked 'Exhibit B.' That said Diamond either prepared said deed, or had the same so prepared, as to convey all of said land, instead of an undivided half thereof, and at the time of signing the same, and not until preparing for this action, said Roley did not know said deed pretended to convey all of said lands. That it was no intention of said Roley to make such deed as now appears of record for his interests in said lands, and the execution thereof was a clear mistake on his part. That said Diamond before the execution of said deed, and at that time, and as an inducement to sell his interest in said lands and to execute said deed, informed said Roley he had only an undivided interest therein, and that said Mary Ann owned the other half, and at that time said Roley believed said Diamond was telling him the facts about said lands, and that plaintiffs owned said lands jointly and equally; that plaintiffs are now informed that said Roley never had any right, title, or interest in said lands as the heir of said deceased child, but that said Mary Ann, as its

mother, took the fee-simple title to the same, and that said Roley took no part of said lands. That said deed of said Roley to said Diamond recites the payment of $600 paid to said Roley for said lands, but said $600 was not paid as so recited and never has been paid by said Diamond to said Roley or to any one else. That said Diamond paid only $60 thereof and still owes said Roley, according to said agreement, the further sum of $540 of said purchase money for his supposed interest in said lands, together with the proper interest thereon, and said Diamond still owes to said Mary Ann Wesley the sum of $200 with interest thereon from the 2d day of October, 1906, as a part of the purchase money for her undivided interest in said lands, making a sum total of $740 and proper interest, which said sum is now due, owing, and unpaid to plaintiffs by said Diamond, in consideration of above-named premises, in case said transactions are herein sustained."

The fourth paragraph of the petition then states that on May 16, 1908, Diamond, by fraud and deceit, induced plaintiffs to sign, execute and deliver to him a joint deed conveying entire tract of land to him, and that thereafter he executed and delivered a deed to the tract of land to his codefendant, Swanson. Paragraph 5, which is also stricken out on the motion, alleges that the lands are worth at least $2,400; that Diamond has been in possession thereof since the 2d day of October, 1906, and has been receiving the rents and profits arising therefrom, which are of the reasonable value of $200 per year. Plaintiffs pray for the cancellation of all the deeds made and for a judgment for the reasonable rents and profits since October 2, 1906, or, as plaintiffs phrase it, "in case that cannot be done, that plaintiffs have judgment herein against Diamond for $740 and proper interest, or the true value of said lands, in case he repudiates said agreements with plaintiffs or seeks to avoid the residue of said purchase money as above stated."

There is but one count in the petition, and whether as a whole as filed, or as it is proposed to be altered, it states a cause of action, is a matter not before us for determination; nor do we consider or pass upon it, but will assume that it does to the extent necessary for the discussion which follows. It is clear, however, from the

allegations that the title to the land involved on its allotment·vested in the mother as the nearest relation to the deceased child. *Irving v. Diamond,* 23 Okla. 325, 100 Pac. 557. This being true, the father had no interest whatever that he could convey, and his attempted conveyance in both of his deeds was a nullity. The wife, being owner of the land, was entitled to bring the action in her own name and alone. Section 3655, Comp. Laws 1909. Hence, if her husband was a necessary or proper party at all, it would be as a defendant, as he can support no claim to any relief, and is in fact being proceeded against for the cancellation of his deeds of conveyance. As nearly as plaintiffs' claims can be succinctly stated, it is their contention that they were by deceit and fraud induced to execute and deliver the deeds referred to, and they are now seeking relief from these acts; but their petition discloses that no consistent theory on their part is being pursued. In their pleading they neither elect to secure the cancellation of the deeds, rescind the sale, and return to the grantee the money received, nor do they elect to abide the terms of the sale and sue to recover the balance due. They have in their pleading sought to do one or the other, and have given defendants no information on which of these remedies they rely. The defendants are entitled, as a matter of right, to know this, and plaintiffs should in their petition present a consistent theory of their cause of action and of the relief to which they claim to be entitled to the end that defendants, should they elect to do so, may waive contention and allow judgment. The petition should on its face give defendants definite information as to what judgment would be rendered against them in such a case; also, in order that defendants may properly plead, and the issue when finally made be definite and certain, it is essential that the identical theory upon which the pleader proceeds be clearly ascertainable from his petition. ·

The Supreme Court of Indiana in the case of *Chicago, St. L. & P. R. Co. v. Bills,* 104 Ind. 16, 3 N. E. 611, quoted approvingly by the Supreme Court of the state of Kansas in the case of

*Grentner v. Ferhrenschield,* 64 Kan. 764, 769, 68 Pac. 619, 620, said:

" 'It is essential to the formation of issues and to the intelligent and just trial of causes that a complaint should proceed upon a distinct and definite theory. It would violate all rules of pleading to permit a complaint to be construed as best suited the exigencies of the case; to allow such a course of procedure would produce uncertainty and confusion and materially trench upon the right of the defendant to be informed of the issue he is required to meet. The rule is that the complaint must proceed on a distinct and definite theory and upon that theory the case must stand or fall. Many times our own, and other, courts have asserted and enforced this rule.' *Chicago, St. Louis & Pittsburg Railroad Co. v. Bills,* 104 Ind. 16, 3 N. E. 611."

It is said by the Supreme Court of California in the case of *Buena Vista Fruit & Vineyard Co. v. Tuohy et al.,* 107 Cal. 243, 254, 40 Pac. 386, 389:

"Every complaint in an action should be founded upon a theory under which the plaintiff is entitled to recover, and should state all the facts essential to support such theory. Failing in these respects, it is radically defective, and does not state facts sufficient to constitute a cause of action. A party defrauded may rescind and restore within a reasonable time all of value which he has received under the contract, or he may affirm it and sue for damages. *Gifford v. Carvill,* 29 Cal. 590; *Herrin v. Libbey,* 36 Me. 357; *Burton v. Stewart,* 3 Wend. [N. Y.] 239, 20 Am. Dec. 692; *Burbank v. Dennis,* 101 Cal. 90 [35 Pac. 444]."

And by the Supreme Judicial Court of Maine, in the case of *Herrin v. Libbey,* 36 Me. 350, 357:

"The rights of a party who has been defrauded in making a contract are, on the discovery of the fraud within a reasonable time, to rescind the contract, and restore the parties to their former condition, or to affirm the contract, and claim compensation in damages for the injury he has sustained by reason of the fraud."

The Circuit Court of Appeals of the Eighth Circuit, in the case of *Wilson v. New United States Cattle-Ranch Company,* 73 Fed. 994, 20 C. C. A. 241, said:

"A vendee who has been induced by the fraud of his vendor

to make a contract of purchase, which contains warranties made by the vendor has a choice of remedies. He may rescind the contract, restore that which he has received, and recover back what he has paid, or he may affirm the contract, recover the damages he has sustained for the fraud, and also those resulting from a breach of the warranties of the vendor; but he cannot do both."

See, also, *Morris v. Rexford,* 18 N. Y. 552; *Ehrsam v. Jackman,* 73 Kan. 435, 85 Pac. 559, 91 Pac. 486; *Howe et al. v. Martin et al.,* 23 Okla. 561, 102 Pac. 128; *Timmerman v. Stanley,* 123 Ga. 850, 51 S. E. 760, 1 L. R. A. (N. S.) 379; *Cheney v. Dickinson et al.,* 172 Fed. 109, 96 C. C. A. 314; *White et al. v. White et al.,* 68 Vt. 161, 34 Atl. 425.

The remedies which plaintiffs seek are inconsistent. The one involving an affirmance of the contract with a prayer for the balance due is strictly a legal proceeding and one in which both parties as a matter of right would be entitled to a jury trial and the judgment rendered therein be for a sum certain. On the other hand, the remedy to be afforded under the theory presented of cancellation and rescission would involve proof of the fraud, the restoration on the part of plaintiffs of all value received, and an accounting on the part of defendants for the rents and profits. The evidence to be adduced by the parties and the character of relief would be entirely dissimilar, and all of these things should be determined and fixed in advance of trial. Some of the propositions discussed above were not presented by counsel, and perhaps not necessarily involved; but it was difficult, if not impossible, to determine the precise question presented without their consideration. It is manifest that a plaintiff cannot in the same proceeding and at the same time retain what he has received and also turn it back and recover that which he has given, or, as it is stated by Circuit Judge Sanborn in the case of *Wilson v. New United States Cattle-Ranch Co., supra:*

"It is as difficult a feat to maintain a cause of action for the consideration paid for the purchase on the ground of rescission, and one for damages for the fraud which induced it, and for a

breach of the contract of purchase itself, in the same action, as it is to ride at the same time two horses that are traveling in opposite directions."

Or, as was said by this court in the case of *Howe et al. v. Martin et al., supra,* referring to the inconsistent remedies pursued by plainiff in that case:

"Counsel's efforts to thus secure for his clients the benefits of all of these remedies, while commendable, yet, for reasons inherent in their nature, could not all succeed, for it is a truism that if a man successfully ride two horses at the same time, both must travel the same, and not opposite directions. Plaintiffs could not hold onto what they had, and at the same time release it. They must have elected which of these remedies they would invoke."

And so in the case at bar, had plaintiff elected to rescind, then clearly the motion made to strike from the petition paragraph 3, which made a claim for a recovery of the balance due on the contract, would fall within the section of our statute (section 5659, Comp. Laws 1909), providing that irrelevant or redundant matter inserted in any pleading may be stricken out on motion of the party prejudiced thereby. Or, had the plaintiff elected to proceed upon the doctrine of affirmance, then clearly that part of paragraph 5 presenting a claim for rents and profits might have been properly stricken. But one of these portions which is stricken out would be relevant and material when an election is required, and which cannot be known until that has taken place.

Under these circumstances, the order of the trial court striking out those portions of the petition mentioned is reversed, and the proceeding is remanded to the district court of Hughes county, with instructions to set aside the order heretofore made and require plaintiff to make election of the remedy he will pursue.

All the Justices concur.