**OKLAHOMA CITY LAND & DEVELOPMENT CO. et al. v. PATTERSON et al.**

No. 9348—Opinion Filed Oct. 29, 1918.

(175 Pac. 934.)

1. **Appeal and Error—Intermediate or Interlocutory Orders.**

An appeal does not lie to this court from an intermediate or interlocutory order made during the pendency of an action, which intermediate or interlocutory order leaves the parties in court to have the issues tried on the merits, unless the appeal sought to be taken comes within some one of the special orders from which an appeal is authorized by statute prior to final judgment in the main action.

2. **Same—"Final Order"—Statute.**

A "final order" is one ending the particu-

lar action in which it is entered, leaving nothing further for the court pronouncing it to do in order to determine the rights of the parties.

### 3. Same.

Orders complained of in the instant case examined and held not to be "final orders" as defined by section 5237, Rev. Laws 1910, from which an appeal lies.

(Syllabus by Davis, C.)

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

Action by L. E. Patterson and the Interstate Building & Loan Company, substituted as plaintiff for L. E. Patterson, against D. M. Wilson and others. From orders on application to withdraw a motion to dismiss and to correct it, etc., defendants, other than D. M. Wilson, bring error. Dismissed.

W. F. Harn and Everest, Vaught & Brewer, for plaintiffs in error.

Wilson, Tomerlin & Buckholts, for defendants in error.

Opinion by DAVIS, C. This action was begun in the district court of Oklahoma county, October 31, 1914, by L. E. Patterson, against plaintiffs in error and D. M. Wilson. The action was based on a judgment rendered in favor of Patterson on March 6, 1914, against the Oklahoma City Land & Development Company, J. F. Winans, and W. F. Harn, jointly, in case No. 2514 in the superior court of Oklahoma county, and sought to enforce an execution and sale of certain real property. On the 20th day of March, 1915, there was entered an order by the district court of Oklahoma county sustaining a demurrer to the petition filed by Mr. Patterson, and leave was granted to Mr. Patterson, plaintiff, to amend said petition within ten days after the entry of said order sustaining the same. The plaintiff did not file any amended petition until the 30th day of April, 1915. On the 14th day of August, 1916, L. E. Patterson made an assignment of his interest in the judgment which he was seeking to enforce in this action to the Interstate Building & Loan Company. On the 16th day of August, 1916, there was a motion filed by the attorneys for L. E. Patterson, plaintiff, to dismiss said cause with prejudice. It seems from the record and finding of the court that it was the intention of the attorneys for L. E. Patterson to enter a dismissal without prejudice to his further action, but that inadvertently said motion so filed stated that said cause was dismissed with prejudice. Subsequent to this action, there was a suit commenced by the Interstate Building & Loan Company for the pur-

pose of enforcing the judgment that had been assigned to it by Mr. Patterson against the plaintiffs in error in this case. In December, 1916, it was discovered by the attorneys for L. E. Patterson that the motion of dismissal provided that said cause should be dismissed with prejudice to any other action against defendants. Upon discovery that an error had been made in preparing said motion, an application was filed in said court requesting that plaintiff L. E. Patterson be permitted to withdraw said motion and correct the same so that it might speak the real intent of the plaintiff in said matter. A hearing was had on this application, and at the conclusion thereof the court made the following orders, which may be summarized as follows:

(1) That the amended petition that was filed after a demurrer was sustained to the original petition, and which was apparently filed without leave of the court on the 30th day of April, 1915, after the expiration of ten days allowed in which to file an amended petition, was filed by and with the consent of counsel for the adverse parties.

(2) The court further found that the motion filed on the 16th day of August, 1916, by L. E. Patterson, plaintiff, to dismiss said cause with prejudice, never became a final order for the reason that at the time said motion was filed there was due certain cost in said action, and by reason of said cost not having been paid that the motion did not operate as a dismissal of said cause.

(3) The court further found that the amended petition filed on the 30th day of April by Ledbetter, Stuart & Bell, attorneys for plaintiff, was not signed by said firm at the time it was filed in said cause, and an order was entered permitting said attorneys to sign their names to said petition as of the date that it was actually filed in said cause.

(4) There was a further order entered by the court permitting the Interstate Building & Loan Company, a corporation, to be substituted as party plaintiff in lieu of L. E. Patterson, and accompanied by an order making F. O. Williams a party defendant, and giving to the substituted plaintiff five days within which to file an amended petition.

The plaintiffs in error, defendants below, have prosecuted an appeal to this court by a petition in error to have the foregoing orders reviewed. A motion has been filed in this court to have said appeal dismissed for the reason that the orders thus entered by the trial judge were not final orders, and that his action thereon is not appealable to

this court for review until a final determination has been made of the main action.

Section 5237, Rev. Laws 1910, defines a "final order" as follows:

"An order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, is a final order, which may be vacated, modified or reversed, as provided in this article."

The undisputed evidence shows that at the time the motion was filed on the 16th day of August, 1916, to dismiss the cause of action of L. E. Patterson against defendants, there was due a considerable amount of costs; that this bill of costs was not paid when an application was filed by L. E. Patterson to be permitted to withdraw said motion and correct the same so that it might speak the real intent of the parties. This being true, the cause was pending in the district court of Oklahoma county from the time that the first petition was filed until the proceedings were had on said application on the 10th day of March, 1917. It has been uniformly held by this court that, before a motion to dismiss a cause can become effective, it is necessary that all costs accumulated up to the time of filing said motion must be paid. This being true, the motion filed by L. E. Patterson to dismiss said cause had no force and effect. Harjo v. Black, 49 Okla. 566, 153 Pac. 1137; State ex rel. v. Pitchford, 68 Okla. 81, 171 Pac. 448.

As the cause was pending on March 10, 1917, the orders entered by the district court of Oklahoma county in this matter were interlocutory orders and not subject to review by an appeal therefrom until a final determination of the main action. No one of the orders made by the district court of Oklahoma county determines any question that affects the substantial rights of any one of the defendants herein. Neither is any one of the orders a final judgment. A "final judgment" has been determined to be one ending a particular action in which it is entered, leaving nothing further for the court pronouncing it to do in order to determine the rights of the parties. If such orders as were entered in this case were appealable to this court for review before final judgment, there would never be any end of litigation. I would furnish a method and means by which litigation could be carried on ad infinitum. Public policy requires that there should be an end to litigation at some time, and for that reason our statute has wisely provided a salutary rule which

does not permit an appeal to this court from an interlocutory order or ruling made by the trial court during the trial of a cause unless specially authorized. All the rulings complained of in this matter could have been excepted to, and, when a final disposition was made of said cause, and a final order, judgment, and decree entered therein, determining the respective rights of the parties to this controversy, have been reviewed by incorporating the same in an appeal by petition in error to this court. McMaster v. Bank et al., 13 Okla. 326, 73 Pac. 946; McCulloch v. Dodge, 8 Kan. 476; Flint v. Noyes, 27 Kan. 351; Short v. Nooner, 16 Kan. 220.

We are therefore of the opinion that the appeal is without merit and should be dismissed, and therefore recommend that the same be done.

By the Court: It is so ordered.