## STATE v. FARMERS' STATE BANK.

No. 14809—Opinion Filed April 29, 1924.

(Syllabus.)

**Appeal and Error—Appealable Orders—Refusal to Dismiss Appeal from Equalization Board.**

An order overruling a motion to dismiss an appeal from the county board of equalization to the district court, while the case is still pending in and undisposed of in the district court, is not an appealable order.

Error from District Court, Grant County.

The Farmers' State Bank of Nash. formerly the Farmers' & Merchants' Bank of Nash, appealed from action of county board of equalization to district court. Motion by the State to dismiss appeal overruled, and the State brings error. Dismissed.

George F. Short, Atty. Gen., C. W. King,

Asst. Atty. Gen., and W. H. C. Taylor, Co. Atty., Grant County, for the State.

J. D. Drennan, E. H. Breeden, C. S. Ingersoll, and Sam P. Ridings, for defendant, in error.

COCHRAN, J. The Farmers' State Bank of Nash, Okla., appealed to the district court of Grant county, Okla., from an order of the county equalization board placing the shares of capital stock of said bank owned by its stockholders and alleged to have been omitted from taxation in the year 1919, upon the tax rolls for the year 1923. The state of Oklahoma appeared specially and filed a motion to dismiss the appeal on the following grounds: First, said appeal was not filed within the time required by law; second, said appellant has no pecuniary or other interest in said matter; third, said appellant is not a party aggrieved by the levy or assessment; fourth, that the record on appeal presents no question for review; fifth, that there was no evidence before the court to grant any relief; sixth, that no notice of appeal was served in said appeal; seventh, that from the month of February, A. D. 1923, said appellant bank has suspended business, and has been and at all times since has been in possession of the State Bank Commissioners. and the bank is not authorized to maintain any suits, proceedings, or appeals during such period.

The district court overruled the motion to dismiss the appeal, and from this order the state has appealed to this court.

The defendant in error has filed a motion to dismiss the appeal on the ground that the order of the district court from which the state has attempted to appeal is not an appealable order.

Section 5236, Rev. Laws 1910, provides the orders from which an appeal may be taken to this court. In Re Cochran's Estate, 48 Okla. 672, 149 Pac. 1089, this court said:

"An order of the court overruling a motion to dismiss an appeal without final judgment in the case is not an appeallble order, but simply leaves the case standing in that court, the same as if no such action had been made."

In Anderson v. Higgins, 35 Kan. 201, the syllabus is as follows:

"The denial of a motion by the district court to dismiss an appeal from a justice of the peace, as well as the appointment of a receiver by the district court, are orders which are not reviewable in the Supreme Court while the action in which they were made is pending in and undisposed of in the district court."

In the instant case the action is still

pending in the district court and no final disposition has been made of the same. The plaintiff in error cites the case of Knebel v. Rennie, 87 Okla. 136, 209 Pac. 414, in which this court said:

"The Supreme Court is vested with jurisdiction to review an order of the district court sustaining a demurrer to the plaintiff's petition which involves some part of the merits of the action."

This authority is not in point here because section 780, Comp. Stat. 1921, specifically authorizes an appeal from an order sustaining a demurrer. The order entered in the case at bar was not a final order entered in the case, and did not come within any of the special provisions set out in the statute. We are of the opinion that the appeal should be dismissed, and it is so ordered.

JOHNSON, (C. J., NICHOLSON, HARRISON, and WARREN, JJ., concur.