## ATTAWAY v. WATKINS.

No. 25140.   Nov. 13, 1934.

Rehearing Denied March 12, 1935.

Hagan & Gavin, for plaintiff in error.

W. S. Meyer, for defendant in error.

BUSBY, J.   This action was commenced in the district court of Tulsa county, Okla. by Arley Watkins against Rolland Gray Attaway by filing a petition on the 7th day of October, 1932, in which the plaintiff seeks damages against the defendant for the sum of $75,000 for alienation of affections.

The defendant filed an answer consisting, first, of a general denial; and, second, a special defense in which he alleges that the wife of the said plaintiff had begun an action for divorce and prosecuted to final judgment said divorce in the district court of Tulsa county, where said suit was filed, and that such judgment of divorce is a bar to

any action of the plaintiff, and attaches to said answer a copy of such decree of divorce.

On the 16th day of September, 1933, the court by proper journal entry of judgment, struck from the answer such second and special defense, and it is from this action of the court striking from the answer such defense that the appeal is prosecuted to this court.

The movant defendant in error has filed a motion to dismiss the case, and urges that this court is without jurisdiction to hear the error complained of, and cites as his authorities the rule laid down in Grunawalt v. Grunawalt, 24 Okla. 756, 104 P. 905, and Oklahoma City Land & Development Co. v. Patterson, 73 Okla. 234, 175 P. 934, in which this court holds to the effect that such an order is not a final order and not appealable.

The appellant cites the case of Wesley v. Diamond, 26 Okla. 170, 109 P. 524, to support his contention. Wesley v. Diamond is cited in two subsequent cases, to wit: Ashley Silk Co. v. Oklahoma Fire Ins. Co., 33 Okla. 348, 125 P. 449, and Crites v. City of Miami, 80 Okla. 50, 193 P. 984. But the line of authorities which in our opinion govern in the state of facts involved here is that following the doctrine laid down in the case of Oklahoma City Land & Development Co. v. Patterson, 73 Okla. 234, 175 P. 934. The rule announced there was:

"An appeal does not lie to this court from an intermediate or interlocutory order made during the pendency of an action, which intermediate or interlocutory order leaves the parties in court to have the issues tried on the merits, unless the appeal sought to be taken comes within some one of the special orders from which an appeal is authorized by statute prior to final judgment in the main action."

The second syllabus states:

"A 'final order' is one ending the particular action in which it is entered, leaving nothing further for the court pronouncing it to do in order to determine the rights of the parties."

In the body of the opinion the court states:

"As the cause was pending on March 10, 1917, the orders entered by the district court of Oklahoma county in this matter were interlocutory orders and not subject to review by an appeal therefrom until a final determination of the main action. No one of the orders made by the district court of Oklahoma county determines any question that affects the substantial rights of any one of the defendants herein. Neither is any one of the orders a final judgment. A 'final judgment' has been determined to be one ending a particular action in which it is entered leaving nothing further for the court pronouncing it to do in order to determine the rights of the parties. If such orders as were entered in this case were appealable to this court for review before final judgment, there would never be any end of litigation. It would furnish a method and means by which litigation could be carried on ad infinitum. Public policy requires that there should be an end to litigation at some time, and for that reason our statute has wisely provided a salutary rule which does not permit an appeal to this court from an interlocutory order or ruling made by the trial court during the trial of a cause unless specially authorized. All the rulings complained of in this matter could have been excepted to, and when a final disposition was made of said cause, and a final order, judgment, and decree entered therein, determining the respective rights of the parties to this controversy, have been reviewed by incorporating the same in an appeal by petition in error to this court. McMaster v. Bank et al., 13 Okla. 326, 73 P. 946; McCulloch v. Dodge, 8 Kan. 476; Flint v. Noyes, 27 Kan. 351; Short v. Nooner, 16 Kan. 220.

"We are therefore of the opinion that the appeal is without merit and should be dismissed, and therefore recommend that the same be done."

This case does not mention Wesley v. Diamond, supra.

There are few orders made which, under a liberal construction, could not be denominated in good faith as involving the merits of the action or some part thereof. And, as stated in Oklahoma City Land & Development Co. v. Patterson, supra, such a construction would disrupt our whole scheme of one trial and one appeal and lead to endless litigation, and our already crowded docket would be congested with needless and yet authorized appeals. We, therefore, hold that where during the proceedings the court enters its order, on motion, striking an alleged main defense from the defendant's answer, but which order leaves the case in court to be disposed of on its merits, the defendant has no right to appeal therefrom prior to final determination of the action but that such an order is interlocutory and intermediate. And in so far as the language used in the case of Wesley v. Diamond, supra, and the cases following it are in conflict with this doctrine, they are expressly overruled.

It may be suggested that such a holding

104

renders nugatory subdivision 3 of section 528, O. S. 1931. We do not think so. After all of the beforementioned cases had been decided, this court had before it the case of Wells v. Shriver, 81 Okla. 108, 197 P. 460, in which the plaintiff in error waited until final judgment on the merits had been rendered and urged as error the action of the trial court in entering a prior order during the proceedings. The defendant in error stated that the plaintiff in error had no right to complain thereof for the reason that subdivision 3 of section 528, O. S. 1931, provides that an appeal could be taken therefrom, and by failing to appeal therefrom within six months from the entering of the order the plaintiff lost the right to urge the same as error.

To quote from the opinion relative to this matter:

"Defendant in error then makes this contention:

" 'Even should the court hold that the judgment rendered in 1914 was not a final order, still the same was an appealable order, and since the defendant did not appeal therefrom within six months, it is not now subject to review by this court. We say said order was appealable even though the court should be of the opinion that it was not a final order, because section 5236 of the Revised Laws 1910 (the statute that defines what orders are appealable), in the third subdivision thereof, in specifying appealable orders provides as follows: "Third. An order that involves the merits of an action, or some part thereof." '

" 'Certainly the decree entered by the court in 1914 decided some part of the merits of the action and as such it was appealable even though it did not come within the first subdivision of said section 5236, which provides for appeal from a "final order." The fact that the first subdivision of said section provides for appeal from a final order and that the third subdivision provides for an appeal from an order that involves the merits of an action or some part thereof, clearly shows that an order such as that rendered in 1914 is appealable even though it might not be construed as a final order, because no one can contend that the same did not involve some part of the merits of this action.'

"We cannot agree with the contention made by the defendant in error. We have already set out in full section 5236 of the Revised Laws 1910. The limitation of time for appeals was amended by Session Laws of 1910-11, page 35, ch. 18, and, so far as applicable to the question now under discussion, reads as follows:

" 'All proceedings for reversing, vacating, or modifying judgments or final orders shall be commenced within six months from the rendition of the judgment or final order complained of.'

"This section deals strictly with proceedings to reverse, vacate, or modify judgments or final orders. It does not say anything about any of the things mentioned in the subdivisions marked 'second' and 'third' of section 5236, supra. The first part of said section 5236 says:

" 'The Supreme Court may reverse, vacate or modify judgments * * * and in the reversal of such judgment or order may reverse, vacate or modify any intermediate order involving the merits of the action or any portion thereof.'

"Section 5237, Revised Laws of 1910 defines a 'final order' as follows:

" 'An order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment, and an order affecting a substantial right, made in a special proceeding, or upon a summary application in an action after judgment, is a final order, which may be vacated, modified, or reversed, as provided in this article.'

"Section 5316, Revised Laws of 1910, defines an 'order' as follows:

" 'Every direction of a court or judge made or entered in writing, not included in a judgment is an order.'

"This does not place the six months' limitation of time on the authority of the Supreme Court to reverse, vacate, or modify intermediate orders involving the merits of the action or any portion thereof when brought before this court by petition in error to review the final judgment in the action. If the order involving the merits of the action was a final order, then the limitation of time above referred to would govern. One of the rules in determining whether or not the order complained of was a final order is, Does it eliminate that part of the merits of the action from the case and exclude all further reference to it?"

The case of Wills v. Shriver did not overrule the case of Wesley v. Diamond, supra, because the converse of the rule was before the court. In Wesley v. Diamond, the appellant sought to sustain the appeal, while in Wells v. Shriver the defendant in error sought to prevent the plaintiff in error claiming the error arising upon the order for the reason that it had not been presented to the Supreme Court within six months from the date of the order. But the language used in Wells v. Shriver, supra, suggests the proper method of appeal from

orders mentioned in subdivision 3 of section 528, O. S. 1931, without overruling or commenting upon Wesley v. Diamond, supra. If it is a final order and involves the merits of the action or some portion thereof, the appeal must be prosecuted within six months from the date of the order. If it is an interlocutory order and involves the merits or some portion thereof, the method of appeal is to save exceptions to the ruling and urge the same as error after final disposition of the cause. And it makes no difference how long a time intervenes after the order is entered if proper exceptions are saved; then after the case has been finally disposed of, "the Supreme Court may reverse, vacate, or modify. * * * Third. An order that involves the merits of an action or some part thereof."

Section 5236, above referred to, is now section 528, O. S. 1931. It contains three subdivisions, the first subdivision of which provides that an appeal may be taken from a final order. Section 5237, above referred to, is section 529, O. S. 1931, and defines a final order. Session Laws 1910-11, chapter 18, section 1, above referred to, is section 547, O. S. 1931, and provides that an appeal must be taken from a final order within six months from the date of the rendition thereof. It will be seen, therefore, that final orders are mentioned in all three sections, but only in section 547, O. S. 1931, does the Legislature attempt to limit the time within which an appeal can be taken from any orders mentioned.

In the opinion of Wells v. Shriver, supra, it was made plain that the language used referred to final orders. It is just as important to make plain that this appeal does not deal with final orders or the cases arising thereunder. As pointed out in Wells v. Shriver, supra, other than section 547. O. S. 1931, there is no provision of our statute which limits the time in which an appeal may be taken to this court except in the special provision of our statute relating to receivership, attachment, garnishment, temporary injunction and the like or in special proceedings from special courts or boards other than arising in the regular trial of a cause. A great many opinions have been written about what is a final order and when appeal lies therefrom. Some of these cases are Wells v. Shriver, supra, Oklahoma City Land & Development Co. v. Patterson, supra, State v. Farmers State Bank, 102 Okla. 23, 225 P. 699; Okmulgee Producing & Refining.

Co. v. Davis, 99 Okla. 4, 225 P. 550; Ft. Dearborn Trust & Savings Bank v. Skelly Oil Co., 146 Okla. 179, 293 P. 557; Fowler v. State, 45 Okla. 351, 145 P. 326; State v. Hines, 37 Okla. 198, 131 P. 688. There are many other cases relating to final orders and the construction of section 529, O. S. 1931, defining a final order, and section 547, O. S. 1931, relating to the limit of time in which an appeal may be taken from a final order or judgment of the court.

It is not our intention to analyze these cases or construe, comment upon, or modify the rule announced therein. Apparently it was legislative intent that a final order is an order which made a final disposition of the lawsuit. The word "judgment" did not suit apparently because a case can be finally disposed of without what is ordinarily called a judgment, and it was evidently the intention of the Legislature to provide that the Supreme Court could review the final action of the trial court whether that final action was taken in a judgment or an order. We believe the case of Oklahoma City Land & Development Co. v. Patterson, supra, comes nearer following the intent of legislative acts than any other. Wells v. Shriver. supra, suggests the proper method of appeal from an order other than the one which finally disposes of the case, and that is to save exception to the ruling and appeal and have the error complained of reviewed upon proper record after final disposition of the cause.

Neither of the parties suggests that this is a final order, and the plaintiff in error claims the right to be here simply under subdivision 3 of section 528, O. S. 1931, and the doctrine laid down in Wesley v. Diamond, supra, and the cases cited following it.

It appearing, therefore, that the order complained of in this action was intermediate and interlocutory, no appeal lies therefrom until the final determination of the cause in the court below, after which final determination the defendant below, if he desires, may appeal and have the same reviewed. Provided, of course, that the proper exceptions have been saved to the ruling thereon. The appeal is therefore dismissed.

RILEY, C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, BAYLESS, and WELCH, JJ., concur. CULLISON. V. C. J., absent.