SOKOLOSKY v. BLACK, SIVALLS & BRYSON, Inc.

No. 32424.   April 23, 1946.

*168 P. 2d 618.*

A. L. Beckett, of Oklahoma City, for plaintiff in error.

Gilliland, Ogden, Withington & Shirk, of Oklahoma City, for defendant in error.

PER CURIAM.   This action was brought by Black, Sivalls & Bryson, Inc., a corporation, hereinafter called plaintiff, to recover $929.48 on certain promissory notes, together with interest and costs.

The defendant, Joe Sokolosky, first filed an answer and cross-petition, at the conclusion of which answer he sought a dismissal of the proceedings for the reason that the matter was pending in another court.   In the alternative he prayed that if the cause was not dismissed, the court consider certain allegations of the cross-petition.

The plaintiff filed an answer to the cross-petition of the defendant and then filed a motion for judgment on the pleadings.   Thereafter, before any action was taken upon any of the pleadings and proceedings theretofore filed, the defendant filed the motion to dismiss upon which the present order is entered.

In said motion it is alleged that this is an action for the collection of promissory notes, and that said notes are intangible personal property as defined by 68 O.S. 1941 § 1501, and that plaintiff has not alleged in its petition that said property has been assessed for taxation as provided by law; and that as provided by 68 O.S. 1941 § 1515, the action should be dismissed.

The court refused to dismiss the action and allowed the plaintiff to amend its petition in an order entered on the 29th day of June, 1945, and by reference to such order it appears that the case is still pending on the pleadings filed by the parties and that no judgment has been rendered either for the plaintiff or against the defendant.

A motion to dismiss has been filed for the reason that an appeal from an order refusing to dismiss is not a final order.

In our opinion the appeal must be dismissed. We have held that an order which refuses to dismiss an appeal from the county court to the district court is not a final order. In re Cochran's Estate, 48 Okla. 672, 149 P. 1089; In re Blain's Estate, 108 Okla. 180, 235 P. 534.

In Oklahoma City Land & Development Co. v. Patterson, 73 Okla. 234, 175 P. 934, we held that an appeal does not lie to this court from an intermediate or interlocutory order made during the pendency of an action, which intermediate or interlocutory order leaves the parties in court to have the issues tried on the merits, unless the appeal sought to be taken comes within some one of the special orders from which an appeal is authorized by statute prior to final judgment in the main action. Defendant asserts that this order comes within the definition of a special order referred to above. He cites in support thereof 12 O.S. 1941 § 952, providing that an appeal lies from an order that involves the merits of the action or some part thereof, and contends that by virtue thereof this court has a right to consider the error in refusing to dismiss prior to a final determination of the action. In Attaway v. Watkins, 171 Okla. 102, 41 P. 2d 914, this court specifically overruled Wesley v. Diamond, 26 Okla. 170, 109 P. 524, and held that such an order as is made during the proceedings is not a final order from which an appeal may be taken until a conclusion of the proceedings even though it affects the merits of the action or some part thereof. Such is the rule to be followed in the case at bar. Until there has been a final disposition of the case in the trial court, this court is without authority to consider the action of the trial court in refusing to dismiss the proceedings.

Appeal dismissed.

GIBSON, C.J., HURST, V.C.J., and RILEY, BAYLESS, WELCH, CORN, and DAVISON, JJ., concur.