OKLAHOMA CITY v. JOBE.

No. 34150.   Jan. 24, 1950.

*214 P. 2d 260.*

A. L. Jeffrey, Municipal Counselor, and P. J. Demopolos and Raymond Gramlich, Asst. Municipal Counselors, all of Oklahoma City, for plaintiff in error.

O. A. Cargill, James R. Eagleton, and O. A. Cargill, Jr., all of Oklahoma City, for defendant in error.

HALLEY, J. On December 10, 1948, a judgment was entered for the plaintiff in an action for damages. Thereafter the following proceedings were had: On December 11, 1948, plaintiff filed a motion for new trial; on December 13, 1948, defendant filed a motion for new trial; on January 14, 1949, both motions for new trial were stricken from the motion docket by order of the trial court, and the hearings then continued to a later date, and are still pending. Thereafter, and on March 4, 1949, the court considered a motion for judgment notwithstanding the verdict filed on December 10, 1948, and upon consideration thereof denied the motion. No judgment has been entered upon the verdict returned at the trial.

A motion to dismiss has been filed for the reason that under 12 O.S. 1941 §§952 and 953, this is not an order from which an appeal can be taken prior to the entry of final judgment, or prior to the overruling or denying of a motion for new trial. We agree with this contention. 12 O.S. 1941 §952 provides that an appeal may be taken from a final order, or such orders and judgments as are entered under the provisions of that section. There is no special statutory provision for an appeal from an order denying a motion for judgment non obstante veredicto. We hold that the order denying the motion for judgment non obstante veredicto in this case is not a final order. Attaway v. Watkins, 171 Okla. 102, 41 P. 2d 914; Oklahoma City Land & Development Co. v. Patterson, 73 Okla. 234, 175 P. 934. In the latter case we said:

"An appeal does not lie to this court from an intermediate or interlocutory order made during the pendency of an action, which intermediate or interlocutory order leaves the parties in court to have the issues tried on the merits, unless the appeal sought to be taken comes within some one of the special orders from which an appeal is authorized by statute prior to final judgment in the main action."

Appeal dismissed.

DAVISON, C. J., ARNOLD, V. C. J., and WELCH, GIBSON, LUTTRELL, JOHNSON, and O'NEAL, JJ., cocnur.