SHERMAN v. SHERMAN et al.

No. 34948.  March 20, 1951.

*229 P. 2d 177.*

Martin C. Moore, Oklahoma City, for plaintiff in error.

Wayne B. Snow, Oklahoma City, for defendant in error Nathan Sherman III, executor of the estate of Ethel H. Sherman, deceased.

Keaton, Wells, Johnston & Lytle, Oklahoma City, for defendant in error N. S. Sherman, Jr.

LUTTRELL, V.C.J. Nathan H. Sherman III, executor of the estate of Ethel H. Sherman, deceased, commenced an action against the Sherman Machine & Iron Works, a corporation, to recover for the estate the sum of $2,985, paid as dividends on 199 shares of stock. N. S. Sherman, Jr., intervened and admitted receipt of the dividends and asserted ownership of the stock. Erie H. Sherman filed an application to intervene. Several motions and orders were made relative to the application of the said Erie H. Sherman. Finally, on March 28, 1950, in an order superseding all other orders with respect thereto Erie H. Sherman was made a party to the action with permission to file an answer and interplea. The final supplemental answer and interplea of Erie H. Sherman on which this appeal is based was filed June 20, 1950. In this interplea he alleged an interest in the $2,985; set up a claim that certain jewelry and money had been concealed or misappropriated by the executor of the estate, and made certain other allegations against the executor of the estate with respect to the conduct of the estate.

On motion thereafter made the court struck all the interplea except the allegation as to the claim of an interest in the $2,985. The plaintiff in error attempts to appeal from this order.

A motion to dismiss has been filed. The motion must be sustained. Grunawalt v. Grunawalt, 24 Okla. 756, 104 P. 905; Oklahoma City Land & Development Co. v. Patterson, 73 Okla. 234, 175 P. 934; Attaway v. Watkins, 171 Okla. 102, 41 P. 914. In Grunawalt v. Grunawalt, supra, it is stated:

"Where a motion made by defendant to strike certain portions of plaintiff's petition is sustained, and no further action is taken by the court, the same is not a final or appealable order, sufficient to vest jurisdiction in the Supreme Court to entertain an appeal from such action."

In Attaway v. Watkins, supra, it is said:

"Under section 528, O.S. 1941, which provides that an appeal may be taken from an order which involves the merits of the action or some part thereof, an appeal does not lie to this court prior to a final determination of the cause, from an intermediate or interlocutory order which strikes from the answer an alleged material defense, but which intermediate or interlocutory order leaves the parties in court to have the issues tried on the merits."

In Oklahoma City Land & Development Co. v. Patterson, supra, the first paragraph of the syllabus reads as follows:

"An appeal does not lie to this court from an intermediate or interlocutory order made during the pendency of an action, which intermediate or interlocutory order leaves the parties in court to have the issues tried on the merits, unless the appeal sought to be taken comes within some one of the special orders from which an appeal is authorized by statute prior to final judgment in the main action."

Appeal dismissed.

CORN, GIBSON, DAVISON, HALLEY, and O'NEAL, JJ., concur.