Lee BILES, a Widower, Plaintiff in Error,

v.

OKLAHOMA GAS AND ELECTRIC COM-
PANY, a Corporation, Defendant
in Error.

No. 37184.

Supreme Court of Oklahoma.

March 13, 1956.

Harry James, Oklahoma City, for plaintiff in error.

Houston W. Reeves, Oklahoma City, for defendant in error.

BLACKBIRD, Justice.

This proceeding was commenced by the Oklahoma Gas and Electric Company in condemnation to obtain possession and title to certain real property in Oklahoma County. The trial court appointed three commissioners and on October 11, 1955, they filed a report in which it was stated that they were unable to agree as to the value of said property. Thereafter a second report was made fixing the value of the property at $17,500. The defendant filed a motion to disqualify the commissioners and set aside the commissioners' report, alleging irregularity in said report, and asked that the commissioners be discharged and new commissioners appointed. The trial court, on November 23, 1955, overruled the motion of the defendant.

The order is as follows:

"On this 23rd day of November, 1955, there came on for hearing the motion of the defendant here for the Court to review, reject both of the appraisors' reports, and appoint new appraisors, plaintiff being present by its attorney, Houston Reeves, and the defendant by his attorney, Harry James. The court, having heard the arguments of counsel, upon consideration finds that the said motion should be overruled.

"It is therefore ordered and adjudged that the motion of the defendant for

the Court to review, reject both of the appraisors' reports and appoint new appraisors be, and the same is hereby overruled; to which ruling the defendant then and there excepted, and gave notice in open court of its intention to appeal to the Supreme Court of the State of Oklahoma, and requested that same be noted on the trial docket which was so ordered."

Defendant appeals from this order. The plaintiff has filed a motion to dismiss. The motion must be sustained. In Owens v. Oklahoma Turnpike Authority, Okl., 283 P.2d 827, 828, the condemnees appealed from the order setting aside the report of the commissioners and appointing new commissioners. Therein it is stated:

"An order setting aside the report of commissioners in condemnation proceedings, and directing a new appraisement is interlocutory and not final, and an appeal will not lie therefrom."

In City of Eufaula v. Ahrens, 58 Okl. 180, 159 P. 327, 328, this court held that an order setting aside the report of the commissioners and appointing new commissioners was an interlocutory order. In discussing the order this court stated:

"* * * The right of appeal in this character of proceeding is granted by section 1403 [66 O.S.1951 § 56] and an examination of its language convinces us that it contemplates a final disposition of the proceeding; for it is provided in that section that such review or appeal shall not delay the prosecution of the work of the corporation over the premises sought to be condemned, in the event such corporation shall pay to the owner of the property taken the amount awarded by the report of the commissioners or shall deposit said amount with the clerk of the district court, or, in the event trial is had to a jury, shall pay or deposit the amount awarded by the verdict of the jury."

In Oklahoma City Land & Development Co. v. Patterson, 73 Okl. 234, 175 P. 934, we said:

"An appeal does not lie to this court from an intermediate or interlocutory order made during the pendency of an action, which intermediate or interlocutory order leaves the parties in court to have the issues tried on the merits, unless the appeal sought to be taken comes within some one of the special orders from which an appeal is authorized by statute prior to final judgment in the main action."

See, also, Attaway v. Watkins, 171 Okl. 102, 41 P.2d 914.

We therefore hold that where there is no attack upon the right to take the property and the objection is to the assessment of the value of the property an order made by the trial court in a proceeding on the appointment and report of the commissioners is not a final order and cannot be brought to this court prior to a final determination of the proceeding.

Appeal dismissed.