Note.—See under (1) 29 Cyc. p. 584: 21 R. C. L. p. 501; 5 R. C. L. Supp. p. 1162.

---

## NOLAN v. MATHIS et al.

No. 16486—Opinion Filed April 13, 1926.

Rehearing Denied Nov. 16, 1926.

1. **Appeal and Error—Decisions not Appealable—Orders not Final.**

An order of a trial court, made looking to the orderly progress of ligitation before the court, and to maintain the status quo as to property rights and interests of the parties until final disposition of the litigation, is not an appealable order; and a petition in error filed in the Supreme Court complaining of such an order confers no jurisdiction upon the Supreme Court to affirm, modify, or reverse the order.

2. **Same—Dismissal of Appeal.**

Record examined, and held, that the Supreme Court has no jurisdiction of the matter presented, and that the appeal should be dismissed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Grant County; James B. Cullison, Judge.

Action by Michael Nolan against Harry W. Mathis, as administrator of the estate of John Nolan, deceased, Mary Donaldson, Albert Donaldson, Sarah Moore, G. O. Moore, Julia Ideker, Henry F. Ideker, and Amelia Nolan. From an intermediate order, the plaintiff appeals. Appeal dismissed.

John J. Carney and Carl Kruse, for plaintiff in error.

Sam P. Ridings and J. B. Drennan, for defendants in error.

Opinion by SHACKELFORD, C. The plaintiff in error was the plaintiff, and the defendants in error were defendants below. The parties will be referred to herein as plaintiff and defendants, as they appeared in the trial court.

The plaintiff brought action in the district court of Grant county against defendants to quiet title to certain real estate described in the petition, and located in Grant county. The defendants demurred to the plaintiff's petition on several grounds therein stated. While the demurrer was pending the defendants filed an application for an appointment of receiver. A hearing was had before the court upon this application, at the close of which the application was denied. In the same order, as evidenced by the journal entry, the court made an order restraining the plaintiff from in any way interfering with the property involved, pending the litigation. The plaintiff prosecutes appeal from that portion of the order and judgment which restrains him from disturbing the status quo pending the litigation.

The complaint is that the court erred in making the order restraining plaintiff from interfering with the property, when no such order had been applied for by the parties; and that the order is supported by neither pleading nor evidence.

We gather from what is presented that a quarrel has arisen among the kindred of one John Nolan over his property after his death. The property involved was formerly the property of John Nolan. After his death and the appointment of an administrator of his estate, one of his brothers, plaintiff brought this action in the district court asserting title to the property described, as against the administrator of the estate of John Nolan, and against the other kinsmen of John Nolan. According to the record John Nolan died intestate, unmarried, and without issue. The parties to this action are a brother, and sisters of John Nolan,

his heirs at law, and the administrator of his estate. The defendants demurred to the plaintiff's petition; and the demurrer has never been disposed of and is still pending, so far as we are able to determine from this record. Some argument seems to have arisen over possessory rights to the property, and defendants asked for a receiver to be appointed to hold the property pending final determination as to where the title rests. The court denied the application, but in consideration of the fact that plaintiff sought to take possession or claimed to be in possession, and the administrator claimed to be in possession or wanted to get in possession, the court made an order that plaintiff no further interfere with the administrator about the property until the question of title thereto could be determined by the court. The order shows upon its face that it was the purpose of the court in making the order to maintain the status quo until the the title to the property could be determined. There was no adjudication of the rights of the parties. There was no final order ending the litigation or any branch of it. It plainly appears from the proceedings and order of the court that there was no consideration whatever of the merits of the respective claims of the parties interested. As we read the order of the trial court, it simply says to the plaintiff: "Let the property alone until final adjudication of the rights of the parties; let the issues be made up and the cause tried without any further interference." This was, no doubt, the very purpose defendants were trying to effectuate by the proceeding for a receiver.

The order made is not a final order in any sense; but is intermediate in character and determines nothing, and no appeal lies from such an order. Section 780, Comp. St. 1921, confers no jurisdiction upon the Supreme Court to interfere with intermediate orders made by the trial courts looking to the orderly progress of pending litigation. The order was not "a final order," as provided in the first subdivision of the section, and as defined in section 781, Comp. St. 1921. The order did not grant or refuse a continuance; did not discharge, vacate, or modify a provisional remedy; did not grant. refuse, or modify an injunction; did not grant or refuse a new trial; did not confirm or refuse to confirm the report of a referee; did not sustain or overrule a demurrer; and therefore did not fall within the second subdivision of the section. It was not an order that involves the merits of an action or some part thereof; and there-

fore does not fall within the third subdivision of the section.

For the reasons stated, the Supreme Court has no jurisdiction to examine the order looking to the affirmance thereof, or to reverse, vacate, or modify the order appealed from.

The appeal is dismissed for want of jurisdiction.

By the Court: It is so ordered.

Note.—See under (1) 3 C. J. p. 437 §256; p. 443 §258; 2 R. C. L. p. 39; 1 R. C. L. Supp. p. 371; 5 R. C. L. Supp. p. 66. (2) 3 C. J. p. 437 §256; 4 C. J. p. 580 §2390; p. 590 §2402.