### GENERAL EXCHANGE INSURANCE CORP. v. WILLIAMS.

No. 26788.   March 9, 1937.

Rehearing Denied March 30, 1937.

Pierce, McClelland, Kneeland & Bailey, for plaintiff in error.

Sigler & Jackson and N. E. Ticer, for defendant in error.

PER CURIAM. This action was commenced to recover on an insurance policy. During the progress of the trial and after the plaintiff had introduced evidence and rested, plaintiff determined that he wished to amend his pleadings to show a waiver of a proof of loss. No judgment was rendered for anyone. The defendant prosecutes an appeal from an order allowing the amendment. The appeal must be dismissed. In Nolan v. Mathis, 120 Okla. 78, 250 P. 518, we said:

"An order of the trial court, made looking to the orderly progress of litigation before the court, and to maintain the status quo as to property rights and interests of the parties until final disposition of the litigation, is not an appealable order, and a petition in error filed in the Supreme Court complaining of such an order confers no jurisdiction upon the Supreme Court to affirm, modify, or reverse the order."

In Oklahoma City Land & Development Co. v. Patterson, 73 Okla. 234, 175 P. 934, we he'd:

"An appeal does not lie to this court from an intermediate or interlocutory order made during the pendency of an action, which intermediate or interlocutory order leaves the parties in court to have the issues tried on the merits, unless the appeal sought to be taken comes within some one of the special orders from which an appeal is authorized by statute prior to final judgment in the main action."

More recently we had occasion to discuss appealable orders arising under the statute in Attaway v. Watkins, 171 Okla. 102, 41 P. (2d) 914, which deals with orders affecting the merits of the action, or some part thereof.

Defendant urges that this order granted a new trial. We are of the opinion that it did not.

The appeal is dismissed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, CORN, GIBSON, and HURST, JJ., concur. RILEY, BUSBY, and PHELPS, JJ., absent.